COMMONWEALTH *vs.* DENNIS E. FARMER (and a companion case[1]). November 5, 1981. Neither defendant contests the lawfulness of the investigatory stop which led to his arrest and, ultimately, his conviction on charges of breaking and entering in the nighttime with intent to commit larceny and stealing property. What the defendants challenge on appeal is the order to them to get out of their car in connection with that investigatory stop. Once they were out of the car, the fruits of a just completed burglary were exposed to the plain view of the inquiring police officers. There was no error.

An observant citizen, one Comer, had alerted the Milton police to the presence of a green Dodge automobile which had aroused his suspicions. The vehicle was parked in a cul-de-sac at the end of Ridgewood Road adjacent to an unoccupied house. A records check by the police of the car's license plate disclosed that the plate should have been attached not to a Dodge, but to a 1973 Buick Le Sabre automobile. (That discrepancy, which warranted the police in suspecting they were dealing with a stolen car, was cleared up when the defendant Charles Farmer was stopped; he

---

[1] Commonwealth *vs.* Charles L. Farmer.

had, in fact switched the registration from a Buick to a Dodge.) The license plate was registered to a Charles L. Farmer of 83 Maple Street, Roxbury. The officers on the scene made a radio check as to whether there was any file on Charles L. Farmer in Milton. There was none, but there was a record that Dennis E. Farmer, who lived at the same address as Charles, was suspected of several breaking and enterings in Milton. As officers searched the neighborhood, Comer called again to report that two men, unknown to him, had entered the Dodge and were driving down Ridgewood Road with headlights out. When the police stopped the car shortly after it emerged from Ridgewood Road, Dennis Farmer was crouched on the floor of the car.

Once the stop was justified (which the defendants conceded), the officers could take reasonable precautions for their own protection. Such precautions may, in these circumstances, "include ordering occupants out of a car for questioning." *Commonwealth* v. *Ferrara*, 376 Mass. 502, 505 (1978). *Commonwealth* v. *Ferrioli*, 10 Mass. App. Ct. 489, 492 (1980). In the instant case there was reason to suspect the defendants were engaged in a burglary and it was, therefore, reasonable to question them outside their car, where they would not have access to weapons or means of escape. In that regard, the facts which the case presents are quite unlike those in *Commonwealth* v. *Ferrara, supra,* in which the officers interrogated the occupants of a car, learned nothing which would have warranted further interrogation or search and, thereafter, ordered the occupants out of their car. That exit order was improper. See to the same effect, *Commonwealth* v. *McCleery*, 345 Mass. 151, 153 (1962).

Little need be said about the defendants' alternative ground of appeal: that there was insufficient evidence to warrant the judge's finding of guilty (the trial was without jury). The stolen goods in the possession of the defendants, the presence of the defendants near the house which had been broken into and from which the stolen goods had been taken, their furtive behavior and their improbable explanations when questioned were sufficient to enable a rational mind to conclude beyond a reasonable doubt that the defendants had committed the crime with which they were charged. *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979). It is of no consequence that some of the evidence was circumstantial. Such evidence may be very strong. *Commonwealth* v. *Walter*, 10 Mass. App. Ct. 255, 257 (1980).

*Judgments affirmed.*

*Robert J. Doyle* for the defendants.

*Richard G. Stearns,* Assistant District Attorney, for the Commonwealth.