COMMONWEALTH vs. LEON R. BEASLEY.

Norfolk.   September 16, 1981. — January 19, 1982.

Present: DREBEN, KASS, & SMITH, JJ.

*Search and Seizure*, Automobile, Consent.

Where the police searched the glove compartment of a defendant's motor vehicle, after he had been lawfully arrested, and removed an envelope containing money, the search was lawful under G. L. c. 276, § 1, the evidence obtained in the search was admissible, and the trial judge's order suppressing that evidence was error.  [64]

Where the trial judge's ultimate findings, considered in the absence of a transcript in the record, demonstrated that the defendant was under arrest and guarded by at least two police officers at the time the trunk of his motor vehicle was searched, that his keys were taken from him without permission, and that he was not informed of his right to refuse consent, the Commonwealth failed to sustain its burden of proving that the defendant's consent was voluntary, and the trial judge properly suppressed two revolvers and ammunition taken from the trunk. [64-65]

COMPLAINTS received and sworn to in the East Norfolk Division of the District Court Department on July 11, 1980.

A motion to suppress was heard by *Viola*, J.

*Judithann Ojerholm*, Assistant District Attorney (*Charles J. Hely*, Assistant District Attorney, with her) for the Commonwealth.

*Joan M. Licitra* (*Martin W. Fisher* with her) for the defendant.

SMITH, J.  The Commonwealth appeals from the allowance, in part, of a suppression motion by a District Court judge.  Mass.R.Crim.P. 15(a)(2), 378 Mass. 882 (1979). For reasons not explained, the record does not contain a transcript of the evidence presented at the hearing on the motion, and the Commonwealth has not utilized the procedure

outlined in Mass.R.A.P. 8(c), as appearing in 378 Mass. 933 (1979), to establish a record in the absence of a transcript. The judge filed comprehensive findings of fact. We do not review them in the usual manner described in *Commonwealth* v. *Harmond*, 376 Mass. 557, 560 (1978), and *Commonwealth* v. *Tabor*, 376 Mass. 811, 822 (1978), and, because of the lack of a transcript, we accept the judge's subsidiary findings as being correct since there is no basis for concluding that they are not supported by the evidence. Therefore, our scope of review is limited to an examination of the judge's ultimate findings derived from subsidiary findings and of his conclusions of law.

The Commonwealth contends that the judge committed error in suppressing certain items seized from the defendant's car, namely, an envelope with cash taken from the glove compartment and two revolvers and ammunition found in the trunk. We find error in the suppression of the envelope but no error in regard to the articles seized from the trunk. We summarize the judge's findings.

On July 11, 1980, about 1:30 A.M., Troopers Regan and Melia were parked in separate police cruisers near the Route 128 overpass in Milton. Both troopers were conversing when they heard a noise that sounded like an engine accelerating and then the squeal of tires. Trooper Regan flashed his spotlight on the motor vehicle to warn the driver to slow down. He did not intend to stop the vehicle. However, the vehicle stopped in a dark, deserted area just beyond the light from Trooper Regan's cruiser headlights. The defendant alighted, as did both troopers. Some conversation occurred between the troopers and the defendant, and they walked the defendant back toward his vehicle. Trooper Regan walked to the defendant's car and looked into it with his flashlight. He observed marijuana, which he removed from the vehicle. Trooper Regan then entered the car and observed fireworks on the front seat floor. He removed them from the car and placed the defendant under arrest for possession of the fireworks.

1. *The search of the glove compartment.* After the arrest and while the defendant was standing outside the motor vehicle, the police searched the glove compartment and removed an envelope. The envelope was opened and found to contain money. The judge suppressed the envelope and the cash "because there was no warrant, no permission, no exigent circumstances." The judge's decision was in error, based on the holding in *New York* v. *Belton,* 453 U.S. 454 (1981), decided after the judge's ruling. In *Belton,* the Supreme Court held that if an occupant of a car is lawfully arrested, the police, incident to the arrest, may search the passenger compartment of the automobile and also examine the contents of any "containers" found within the passenger compartment. In its opinion, the Court specifically included closed or open glove compartments within the definition of "containers." *Id.* at 460-461 & n.4. Therefore, because the defendant had been placed under arrest, the police had the right to search the glove compartment. In turn, the envelope could be searched, as it is legally indistinguishable from receptacles such as "luggage, boxes, bags, clothing, and the like," which, according to *Belton,* are subject to search if found in the passenger compartment. *Id.* The search was lawful under G. L. c. 276, § 1, because it was directed to obtaining other evidence of the crime for which the defendant had been arrested. Therefore, the evidence obtained in the search of the glove compartment and envelope is admissible, and the judge's order suppressing that evidence was error.

2. *The search of the trunk.* The judge suppressed the two revolvers and ammunition taken from the trunk of the defendant's motor vehicle on the ground that the Commonwealth failed "to show that the waiver of [the defendant's] rights concerning the search of the trunk was intelligent." In regard to consensual searches, the Commonwealth must demonstrate that the defendant's consent was free, voluntary and unfettered by coercion.[1] *Commonwealth* v. *Aguiar,*

---

[1] The holding in *Belton* encompasses only the interior of the passenger compartment of an automobile and does not encompass the trunk. *Id.* at 460 n.4.

370 Mass. 490, 496 (1976). *Commonwealth* v. *Harmond*, 376 Mass. at 561. In the judge's findings, we note that the defendant was under arrest at the time of the alleged consent and was guarded by at least two police officers. His keys had been taken from him without permission. He was not informed of his right to refuse consent. Because there is a presumption against waiver of constitutional rights and a judge's conclusion on the question of waiver is entitled to "substantial deference," *Commonwealth* v. *Angivoni*, 383 Mass. 30, 33 (1981), and because the record before us is limited, we uphold the ruling that the Commonwealth failed to sustain its burden of proof.

In the circumstances of this case, although the judge found probable cause for a search of the trunk, we agree with him that there were no exigent circumstances present that permitted the waiver of the requirement of a warrant. *Commonwealth* v. *Ortiz*, 376 Mass. 349, 353 (1978) ("The Commonwealth bears the burden of showing the existence of both probable cause to believe the car contained contraband and exigent circumstances to justify the seizure without a search warrant"). As pointed out in n.1, the holding in *New York* v. *Belton, supra,* can be the basis for the search of the glove compartment, but not of the trunk.

Accordingly, so much of the order as suppressed the envelope with cash taken from the glove compartment is reversed; so much of the order as suppressed the revolvers and ammunition found in the trunk is affirmed.

*So ordered.*