COMMONWEALTH *vs.* JOSEPH TURNER. November 16, 1982. The defendant appeals from his convictions on indictments charging possession of certain controlled substances (Class B and Class C) with intent to distribute. See G. L. c. 94C, § 31.

Based on a tip by a reliable informant that certain named individuals staying at a motel in Newton were in possession of considerable amounts of illegal drugs, several police officers established a surveillance of room 1208 at that motel from room 1207, which is across the hall. As a result of this tip officers made a valid arrest of one of the persons to whom room 1208 was registered. Some facts reported by the informant were corroborated at that time. Thereafter, three police officers went to the Newton police station to draw an affidavit in support of an application for a warrant to search room 1208. At approximately 7:30 P.M. the officers ob-

served one Walter Smith and the defendant enter room 1208. Three or four minutes later the door opened and the defendant and Smith left the room. Smith was carrying two pillowcases and the defendant was carrying a pillowcase and a tote bag. Each container "appeared to be stuffed full." The officers ordered Smith and Turner to stop and drop the bag and pillowcases. After the two men had placed the containers on the floor, a clear plastic bag fell from one of the pillowcases that Smith had been carrying. One of the officers, an agent of the Drug Enforcement Agency, recognized the matter in the bag as phencyclidine, commonly referred to as "angel dust." The defendant and Smith were then arrested and taken into room 1207. Once in that room, the pillowcases and the tote bag were searched. More angel dust was discovered in the pillowcases that Smith had been carrying, and the police found marijuana in the pillowcase carried by the defendant and methaqualone (so called qualudes) in his tote bag.

The defendant's sole claim on appeal is that it was error for the motion judge to deny his motion to suppress evidence obtained as a result of a warrantless search and seizure. The defendant does not contend that the investigatory stop (see *Terry* v. *Ohio*, 392 U.S. 1, 21 [1968]) or his subsequent arrest were improper. See *Beck* v. *Ohio*, 379 U.S. 89, 91 (1964). Nor does he challenge the propriety of the seizure of the contraband, which was clearly visible to the law enforcement officers when it fell out of the pillowcase the other suspect was carrying. The defendant argues only that the pillowcase and tote bag were not within his immediate control or his "grab area" at the time of the search. See *Chimel* v. *California*, 395 U.S. 752, 762-764 (1969).

In the circumstances the trial judge did not err in denying the defendant's motion to suppress. The search was lawful under G. L. c. 276, § 1, as amended by St. 1974, c. 508. *Commonwealth* v. *Beasley*, 13 Mass. App. Ct. 62, 64 (1982). Unlike the search in *United States* v. *Chadwick*, 433 U.S. 1, 15 (1977), and in other cases relied on by the defendant, here the search was not "remote in time or place from the arrest." *Preston* v. *United States*, 376 U.S. 364, 367 (1964). Contrast *Chimel* v. *California*, 395 U.S. at 768; *United States* v. *Monclavo-Cruz*, 662 F.2d 1285, 1287-1288 (9th Cir. 1981), and cases cited. The search was prompt and close to the point of arrest and a natural part of the arrest transaction. See *Commonwealth* v. *Duran*, 363 Mass. 229, 234 (1973). See also *United States* v. *Eatherton*, 519 F.2d 603, 609-611 (1st Cir.), cert. denied, 423 U.S. 987 (1975). We thus conclude that the contemporaneous warrantless search was reasonable, as incident to a lawful arrest. See *Commonwealth* v. *Dickerson*, 372 Mass. 783, 791-792 (1977).

Our conclusion that the officers' actions were reasonable while a warrant was being sought is supported by the exigent circumstances: (1) as one member of the group had been lawfully arrested, it was reasonable to believe that the contraband was likely to be moved, and (2) the officers

observed members of the group removing "full" containers from the place in which the informer had indicated that the contraband was located initially.

*Judgments affirmed.*

*John E. Conlin* for the defendant.

*Eileen D. Vodoklys,* Assistant District Attorney, for the Commonwealth.