COMMONWEALTH vs. JULIO M. LUCIDO. August 15, 1984. *Search and Seizure,* Automobile. *Firearms. Practice, Criminal,* Comment by prosecutor.

The defendant appeals from his convictions for unlawfully carrying a firearm (G. L. c. 269, § 10[*a*]) and trafficking in cocaine (G. L. c. 94C,

§ 32[E] [b]), asserting as reversible error (1) the denial of his motion to suppress physical evidence (the firearm and the cocaine); (2) the denial of his motions for required findings of not guilty; and (3) alleged prosecutorial misconduct.

1. There was no error in the denial of the defendant's motion to suppress with respect to the firearm. The firearm was discovered during a search of the glove compartment of an automobile under the defendant's control, conducted after the defendant had been arrested for speeding and operating with an invalid driver's license, handcuffed, and placed in a police cruiser with a seat belt fastened around him. The defendant's three male passengers, having been removed from the automobile and frisked, were standing several feet from the automobile under guard by assisting State troopers. See *Commonwealth* v. *Farmer*, 12 Mass. App. Ct. 961, 962 (1981) (where reasonable safety precautions after a valid stop are warranted, such precautions include ordering occupants out of a car for questioning). The officer was planning to transport the defendant in his cruiser a distance of some seventeen miles, alone, and to allow, at the defendant's request, the three passengers to take the automobile which had been under the defendant's control. There was some discussion indicating that the defendant's passengers would follow behind the cruiser. The defendant had told the arresting officer that he and his three passengers were members of a particular western Massachusetts motorcycle club. From intelligence files maintained by the State police and various bulletins, the officer knew that club to be involved in criminal activity. Although under G. L. c. 276, § 1, the search does not pass muster as a search incident to an arrest because the arrested person was already restrained some distance from the automobile (*Commonwealth* v. *Toole*, 389 Mass. 159, 161 [1983]), the search was a valid protective search. *Michigan* v. *Long*, 463 U.S. 1032 (1983). See *Terry* v. *Ohio*, 392 U.S. 1 [1968]). On the basis of the facts known to him, the arresting officer was justified in conducting a search of the automobile for the limited purpose of ascertaining that it contained no weapons with which the defendant's passengers might retaliate against the arresting officer or assist the defendant to escape. *Michigan* v. *Long, supra. United States* v. *Aldridge*, 719 F.2d 368, 372 (11th Cir. 1983). See *Commonwealth* v. *Almeida*, 373 Mass. 266, 270-273 (1977). Contrast *Commonwealth* v. *Ferrara*, 376 Mass. 502, 505 (1978). See generally Smith, Criminal Practice and Procedure §§ 276-279 (2d ed. 1983).

Likewise, the extension of the search to the inside of a somewhat crumpled quart-sized paper bag discovered in the glove compartment was reasonable under the circumstances, and the denial of the motion to suppress the physical evidence discovered therein (subsequently identified as cocaine) was proper. We cannot conclude that the search of the bag was no longer a search to ensure the officer's safety, but a search for evidence unrelated to the crimes for which the defendant was arrested. Compare *Commonwealth* v. *Silva*, 366 Mass. 402, 408-410 (1974); *Commonwealth* v. *Toole*, 389 Mass.

at 162. Having found one weapon, the officer was justified in searching for others. See *United States* v. *Portillo,* 633 F.2d 1313, 1320 (9th Cir. 1980), cert. denied, 450 U.S. 1043 (1981) (discovery of gun in paper bag during lawful search of automobile justified protective search of second paper bag in which another gun and ammunition were found). Cf. *Commonwealth* v. *Miller,* 366 Mass. 387, 389 (1974); *Meade* v. *Cox,* 438 F.2d 323 (4th Cir. 1971), cert. denied sub nom. *Meade* v. *Slayton,* 404 U.S. 910 (1971); *United States* v. *Ragsdale,* 470 F.2d 24, 28-30 (5th Cir. 1972). The bag might well have contained another weapon or ammunition. See *United States* v. *Portillo,* 633 F.2d at 1315-1316; *United States* v. *Russell,* 655 F.2d 1261, 1262-1263 (D.C. Cir. 1981), vacated in part, 670 F.2d 323, cert. denied, 457 U.S. 1108 (1982) (gun discovered in paper bag). Contrast *Commonwealth* v. *Silva,* 366 Mass. at 410.

2. There was no error in the denial of the defendant's motion for a required finding of not guilty on the firearm charge. There was ample evidence of the defendant's "knowledge, power [and] intention to exercise control over the firearm" (*Commonwealth* v. *Albano,* 373 Mass. 132, 134 [1977]), including the defendant's control over the automobile, his control over the key to the locked glove compartment, and the presence of letters addressed to the defendant inside the glove compartment with the firearm. See *Commonwealth* v. *Albano, supra*; *Commonwealth* v. *Diaz,* 15 Mass. App. Ct. 469, 471-472 (1983).

3. There is no merit in the defendant's contention that the prosecutor's invitation to the jury, in his closing argument, to evaluate the defendant's credibility constitutes prosecutorial misconduct entitling him to a new trial. Indeed, the defendant cites no case in support of his contention. Where the defendant has testified, reference to the defendant's credibility in final argument is entirely proper. *Commonwealth* v. *Stone,* 366 Mass. 506, 516 (1974). *Commonwealth* v. *Cheek,* 374 Mass. 613, 618 (1978). See also *Commonwealth* v. *MacDonald (No. 1),* 368 Mass. 395, 400 (1975). Neither did the prosecutor's suggestions that the case involved a recently "completed deal" which was part of a "big business" (illegal drug trade) constitute prosecutorial misconduct. "The prosecutor could properly argue the fair inferences from the evidence." *Commonwealth* v. *Cheek,* 374 Mass. at 618. There was evidence that the defendant was discovered in possession of a substantial amount of unusually pure cocaine worth a considerable amount of money. The prosecutor's suggestions were fair inferences from that evidence.

*Judgments affirmed.*

*David P. Connor* for the defendant.
*Joseph P. Musacchio,* Assistant District Attorney, for the Commonwealth.