COMMONWEALTH *vs.* PHILLIP A. BRILLANTE.

Middlesex.    October 6, 1986. — February 5, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Search and Seizure,* Automobile, Arrest. *Constitutional Law,* Search and seizure. *Arrest. Evidence,* Admissions and confessions.

A warrantless search of an automobile by two police officers, resulting in the officers' seizure of a quantity of counterfeit notes contained in a tote bag, the end of which was visible under the driver's seat, was justified as a search incident to a lawful arrest even though the search preceded the formal arrest of the defendant, who had been detained with two others after the officers, having first observed the automobile parked at 2 A.M. in a "high crime" area with the driver's door open and the three individuals standing outside it, had then observed one of the group pass to the defendant and the defendant attempt to conceal under the vehicle a paper found to contain a white, powdery substance. [154-156]

The judge who heard a criminal defendant's motion to suppress certain statements made to the police was warranted, on the basis of the evidence presented, in concluding that the statements were voluntary. [156-157]

INDICTMENT found and returned in the Superior Court Department on August 30, 1983.

A pretrial motion to suppress evidence was heard by *Hiller B. Zobel,* J., and the case was tried before *George N. Hurd, Jr.,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Willie J. Davis* for the defendant.

*Emily J. Gould,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. After a trial by jury, the defendant, Phillip A. Brillante, was convicted of possession with intent to utter ten or more counterfeit notes, G. L. c. 267, § 9 (1984 ed.).[1]

---

[1] The defendant also was convicted of possession of cocaine, G. L. c. 94C, § 34 (1984 ed.). This conviction was filed with the defendant's

Execution of the sentence was stayed pending appeal. On appeal, the defendant argues that the judge erred in denying his motion to suppress evidence and that the defendant's statements to the police were not voluntary. We granted the defendant's application for direct appellate review. We affirm.

1. *Motion to suppress.* The defendant challenges the admission of the contents of a tote bag found inside his automobile which contained counterfeit money. After an evidentiary hearing,[2] the judge denied the defendant's motion to suppress the evidence.

The judge made the following findings of fact. On June 13, 1983, two State troopers patrolling the Fresh Pond area of Cambridge pulled onto Concord Lane. The lane is described as a small alley. The lane frequently is the site of illegal activities, including prostitution and drug transactions. The troopers observed a parked automobile, with the driver's door open, and three individuals, all outside of the automobile. One of the individuals removed a white paper from the hood of the automobile. She passed the white paper to the defendant, who was on the driver's side of the automobile between the automobile's open door and the automobile. The troopers then observed the defendant thrust the paper under the automobile.[3]

The troopers pulled alongside the automobile and asked what the defendant had been doing and what he had thrown under the car. The defendant responded, "Nothing," and, "I don't know what you're talking about." The troopers got out of the cruiser and one, with the aid of a flashlight, looked under the automobile. He found a white paper containing a white powdery substance which he and the other trooper reasonably believed to be, and which later proved to be, cocaine.

One trooper then took the defendant to the rear of the automobile, "pat frisked" him, and asked him to empty his pockets.

consent, and, thus, is not before us. See *Commonwealth* v. *Delgado*, 367 Mass. 432, 437-438 (1975).

[2] At the suppression hearing, held on July 10 and 11, 1984, the two arresting State troopers testified. The defendant does not dispute most of the troopers' testimony.

[3] The judge's findings do not recite any facts which would explain the reason for the defendant's action in thrusting the paper under the automobile.

Commonwealth *v.* Brillante.

The defendant removed a package from his pocket which contained a substance that proved to be cocaine. At that point, the trooper told the defendant to move toward the left side of the automobile so that he could keep the defendant in view.

The judge found that the trooper then looked inside the automobile to search for contraband related to what he reasonably suspected to be an illegal cocaine transaction. The judge further found that the trooper had probable cause to believe that the automobile contained such contraband. Under the driver's seat, the trooper saw the end of a tote bag. The trooper removed the bag. The bag's zipper was closed.

The trooper asked the defendant if the bag belonged to him. The defendant said that it did not. In response to the trooper's request for permission to open the bag, the defendant again responded that it was not his bag. The two other individuals also denied ownership of the bag. The troopers then opened the bag and found a large sum of money in packages.[4] Based on this evidence, the motion judge denied the motion to suppress. There was no error.

The defendant does not dispute that the search and seizure of the tote bag followed his arrest.[5] The defendant asserts, however, that at the time the tote bag was taken from the automobile he was "restrained" outside the automobile. Thus, he concludes the search of the tote bag was not incident to his arrest. We do not agree.

---

[4] Later, at the barracks, the troopers discovered that the money was counterfeit.

[5] This concession undoubtedly is correct. The troopers, as the defendant recognizes, had probable cause to arrest the defendant: the troopers confronted the defendant late at night in an isolated alley, frequently the site of illegal activity, and the troopers discovered cocaine in the defendant's possession. The defendant submitted to the authority of the troopers, emptying his pockets on the trooper's demand and moving to the left side of the automobile as directed. Given these circumstances, a reasonable person only could have believed that he was not free to leave and that he was under arrest even though he had not been placed under formal arrest. See *Commonwealth* v. *Sanderson*, 398 Mass. 761, 765-766 (1986); *Commonwealth* v. *Borges*, 395 Mass. 788, 791 (1985); *Commonwealth* v. *Wallace*, 346 Mass. 9, 16 (1963); *Commonwealth* v. *Holmes*, 344 Mass. 524, 526 (1962).

Furthermore, the search correctly is analyzed as one incident to arrest because, immediately after the search, the troopers placed the defendant

We turn to the circumstances in which the troopers found themselves. At the time the trooper took the tote bag from the car, it was after 2 A.M. in a high crime area. There were three suspects and two officers. The troopers between them had only two pairs of handcuffs. The door of the automobile on the driver's side was opened, part of the tote bag was in plain view. In these circumstances, the troopers were justified in making a protective search of the driver's side of the automobile and of the contents of any package which might conceal a weapon or destructible contraband. "[I]t is irrelevant that the occupant is standing outside the vehicle at the time of the arrest." *Commonwealth* v. *Bongarzone*, 390 Mass. 326, 351 (1983).[6] See *New York* v. *Belton*, 453 U.S. 454, 460 (1981); *United States* v. *Bautista*, 731 F.2d 97, 99 (1st Cir. 1984). See generally *Chimel* v. *California*, 395 U.S. 752, 763 (1969).

This case differs from *Commonwealth* v. *Silva*, 366 Mass. 402 (1974), because the police in that case searched the area under the front seat of a defendant's automobile pursuant to a *Terry*-type search. See *Terry* v. *Ohio*, 392 U.S. 1 (1968). The search was valid under the principles set forth in *Terry*, but the opening of a small packet found under the seat, a packet which "could not conceivably have contained a gun," *Commonwealth* v. *Silva, supra* at 410, exceeded the justified scope of the search. The scope of a search under *Terry* is limited to

under formal arrest. See *Rawlings* v. *Kentucky*, 448 U.S. 98, 111 (1980); *United States* v. *Donaldson*, 793 F.2d 498, 502-503 (2d Cir. 1986); *United States* v. *Elsoffer*, 671 F.2d 1294, 1298 n.8 (11th Cir. 1982). The fact that a search precedes a formal arrest is not important, as long as probable cause existed independent of the results of the search. See *United States* v. *Elsoffer, supra*.

[6] The defendant does not argue in his brief that the search violated G. L. c. 276, § 1 (1984 ed.). The failure to brief an issue constitutes a waiver of that issue. An "appellate court need not pass upon questions or issues not argued in the brief." Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975). *Commonwealth* v. *Cundriff*, 382 Mass. 137, 151 n.22 (1980), cert. denied, 451 U.S. 973 (1981). We nevertheless note that the search in this case does not fall within the prohibitions of G. L. c. 276, § 1, because it was conducted for the purpose of seizing contraband which the troopers had probable cause to believe might be in the tote bag. Cf. *Commonwealth* v. *Toole*, 389 Mass. 159 (1983).

searching for that "which might be used to harm the officer or others nearby." *Terry* v. *Ohio, supra* at 26. The scope of the search in this case is broader, because the purposes of a search incident to arrest include preventing the concealment or destruction of evidence as well as ensuring the safety of the police. See *New York* v. *Belton, supra* at 457; *Chimel* v. *California, supra* at 763. Further, the tote bag in this case, unlike the small packet in *Silva*, might well have contained a dangerous weapon. The search in this case was lawful as a search incident to a lawful arrest.[7] There was no error in denying the motion to suppress.

2. *The voluntariness of the defendant's statements.* On appeal, the defendant challenges the admission of statements he made at the police barracks, claiming that the statements were not voluntary.

Defense counsel fails to specify which of the defendant's statements he challenges. The statements made by the defendant are the following: (1) statements relating to the cocaine charge[8] and (2) statements denying ownership of the bag.[9] Because the possession of cocaine conviction was filed with the defendant's consent, the statements relating to the cocaine charge are not before us on this appeal. See note 1, *supra*.

As to the statements denying ownership of the bag, the trooper said that he read the Miranda warnings to the defendant and that the defendant said he understood them. After the defendant said he understood his rights, the trooper asked him

---

[7] On this result we reach, we need not address the other arguments raised by the defendant. We continue to leave open the question whether the opening of a closed container, without a warrant, found during a valid warrantless search of an automobile under the automobile exception to the warrant requirement, violates art. 14 of the Massachusetts Declaration of Rights. See *United States* v. *Ross*, 456 U.S. 798 (1982); *Commonwealth* v. *Irwin*, 391 Mass. 765 (1984).

[8] The testimony was that the defendant said that the three individuals were going "to blow a line of coke before they went home."

[9] "[The defendant] was asked where the bag came from. He said he didn't know. He said he never saw the bag before. We asked this question several times, and each time he denied knowing where the bag came from or who the bag belonged to."

about the tote bag. The defendant said he did not know where the bag came from and he denied ownership of it.

The trooper observed nothing which would indicate that the defendant had been drinking, and he had no trouble understanding the defendant's speech.[10] Based on that evidence, the judge properly could conclude that the statements were voluntary.[11] Indeed, it would have been hard to justify the exclusion of the statements based on the evidence before the judge.

The denial of the motion to suppress and the judgment of conviction are affirmed.

*So ordered.*

---

[10] On cross-examination of the trooper at the voir dire, the defense attorney asked whether the defendant had "blown a line or two of coke." The trooper did not know whether the defendant had "blown a line of coke."

[11] The defendant does not argue any error with respect to the warnings required by *Miranda* v. *Arizona*, 384 U.S. 436 (1966). Nor does he argue that he did not make a knowing, intelligent, and voluntary waiver. The defendant, therefore, has waived any claim of error on this ground. Mass. R. A. P. 16 (a) (4). *Commonwealth* v. *Cundriff, supra.*