COMMONWEALTH *vs.* DAVID A. ROSE. No. 87-74. November 3, 1987. *Search and Seizure,* Automobile, Arrest, Container. *Constitutional Law,* Search and seizure. *Arrest.*

On a motion to suppress evidence of unlawful possession of controlled substances (G. L. c. 94C, § 34), the trial judge found as follows: When State Trooper Sheehan came upon the scene, the defendant's car was stopped in the breakdown lane of Route 195. The engine was running and the defendant was leaning out of the car, vomiting. Sobriety tests satisfied Trooper Sheehan that the defendant was drunk. The officer arrested the defendant for operating under the influence of alcohol. See *Commonwealth* v. *White,* 374 Mass. 132, 134 (1977).

After placing the defendant in handcuffs in the rear of his police cruiser, Trooper Sheehan returned to the defendant's car to search it, permissibly, i.e., incident to an arrest, G. L. c. 276, § 1, for evidence of drink. Trooper Sheehan's examination of the car was rewarded with three empty beer cans and an empty liquor bottle. On the rear seat the trooper found a zipped-up red nylon bag, such as one might use to carry personal effects. That bag the trooper unzipped, claiming to have first felt something like a bottle inside. The judge expressly did not credit the trooper's testimony about palpating the bag before opening it. What inspection of the bag disclosed was drug paraphernalia (e.g., mortar and pestle) and a white residue suggestive of cocaine. Behind the driver's seat, on the floor, there was a black suitcase. Trooper Sheehan opened it and found a scale with white powder on it, again suggestive of cocaine.

An automobile search may be reasonable under the Fourth Amendment to the United States Constitution, as expounded in *United States* v. *Robinson,* 414 U.S. 218, 234-235 (1973), and *New York* v. *Belton,* 453 U.S. 454, 460 (1981), but may not be legally permissible under the more restrictive criteria prescribed by G. L. c. 276, § 1. *Commonwealth* v. *Toole,* 389 Mass. 159, 160-162 (1983). See *Commonwealth* v. *Upton,* 394 Mass. 363, 367 n.4 (1985). The limitation imposed by the Massachusetts statute is that a "search conducted incident to an arrest may be made only for the purposes of seizing fruits, instrumentalities, contraband and other evidence of the crime for which the arrest has been made, in order to prevent its destruction

or concealment; and removing any weapons that the arrestee might use to resist arrest or effect his escape." G. L. c. 276, § 1, as amended by St. 1974, c. 508.

As the trial judge observed, once the single occupant of the car was manacled in the police cruiser, there was no longer a basis for concern that the defendant would use anything in his car to resist arrest or to escape. Compare *Commonwealth* v. *Brillante,* 399 Mass. 152, 155 (1987), and *Commonwealth* v. *Lucido,* 18 Mass. App. Ct. 941, 942-943 (1984), in which potentially hostile persons not under restraint had access to the car in question. Indeed, the Commonwealth does not argue otherwise; rather, it contends that the warrantless search was lawful because its purpose was to seize evidence that the defendant had been imbibing alcoholic beverages.

On that score, however, the Commonwealth confronts the trial judge's express finding that Trooper Sheehan's explanation for exploring the red tote bag was a pretext. That finding we accept unless clearly erroneous. *Commonwealth* v. *Moon,* 380 Mass. 751, 756 (1980). *Commonwealth* v. *Crowe,* 21 Mass. App. Ct. 456, 462 (1986). The judge's finding, in addition to the usual ability to size up the witness and the judge's feel of the case, was further informed by his common sense observation that intoxicating liquors which are being consumed are not usually stored or transported in hand baggage. The implausibility of ferreting for evidence of driving under the influence of alcohol in hand luggage distinguishes the instant case from a case such as *Commonwealth* v. *Beasley,* 13 Mass. App. Ct. 62, 64 (1982), in which a glove compartment was a reasonable place to look for contraband firecrackers. In view of the trial judge's findings and the circumstances, the search of the bags was not, as in *Commonwealth* v. *Turner,* 14 Mass. App. Ct. 1023, 1024 (1982), a "natural part of the arrest transaction." Cases sanctioning searches of containers or compartments in automobiles such as *Commonwealth* v. *Bongarzone,* 390 Mass. 326, 351-352 (1983), and *Commonwealth* v. *Ierardi,* 17 Mass. App. Ct. 297, 300-301 (1983), turned on the basis of probable cause that contraband was present, rather than on the basis of a search incident to arrest. See in a similar vein, although not involving car searches, *Commonwealth* v. *Skea,* 18 Mass. App. Ct. 685, 701 n.19 (1984); *Commonwealth* v. *Stafford,* 18 Mass. App. Ct. 964, 965 (1984). The judge was warranted in concluding that the Commonwealth had not sustained its burden of justifying the reasonableness of its search of Rose's red bag and black suitcase. See *Commonwealth* v. *Toole,* 389 Mass. at 163, n.8; *Commonwealth* v. *Ford,* 17 Mass. 505, 508-509 (1984). The order of the judge suppressing the evidence of the defendant's possession of controlled substances is affirmed.

*So ordered.*

*Robert P. Snell,* Assistant District Attorney, for the Commonwealth.
*Antone B. Cruz, Jr. (Donna M. Sowa* with him) for the defendant.