COMMONWEALTH *vs.* THOMAS S. CASSIDY, JR.

No. 90-P-1191.

Worcester. December 5, 1991. - February 25, 1992.

Present: DREBEN, FINE, & GREENBERG, JJ

*Constitutional Law*, Search and seizure. *Search and Seizure*, Automobile, Container, Arrest. *Arrest.*

In a criminal case, a police officer's warrantless search of a closed paper bag found in a knapsack on the floor of the rear passenger compartment of the defendant's automobile, from which was seized a pipe with marihuana residue, was not justifiable as incidental to an arrest within the scope of the second paragraph of G. L. c. 276, § 1, inasmuch as the defendant was already handcuffed and under arrest in the rear of the police officer's cruiser at the time of the search [163], and where the pipe was not evidence of the crime (kidnapping) for which the defendant had been arrested [163-165].

In a criminal case, the judge should have allowed the defendant's motion to suppress evidence seized in a warrantless search of his automobile after his arrest, where the Commonwealth did not establish any constitutionally permissible basis for the search. [165]

INDICTMENT found and returned in the Superior Court Department on February 13, 1990.

A pretrial motion to suppress evidence was heard by *William H. Welch*, J., and the case was tried before him.

*Yvonne P. Toyloy*, Committee for Public Counsel Service, for the defendant.

*Claudia R. Sullivan*, Assistant District Attorney, for the Commonwealth.

GREENBERG, J. The defendant appeals from his conviction by a jury on the charge of unlawful possession of marihuana (G. L. c. 94C, § 34).[1] He assigns as error a Superior Court

---

[1]The defendant was tried before a jury on indictments charging him with kidnapping, assault by means of a dangerous weapon, assault and battery, contributing to the delinquency on a minor, and unlawful posses-

judge's denial of his motion to suppress a pipe, from which marihuana residue was obtained, seized during the course of a warrantless search of his automobile. Our decision on this issue is dispositive, and we therefore do not address the defendant's second claim of error.

The motion judge made no findings of fact. The sole witness at the hearing was the arresting officer, Gerald Beaupre of the Douglas police department, and we assume the judge found his testimony credible. See *Commonwealth* v. *Harding*, 27 Mass. App. Ct. 430, 431 (1989). Since the officer's uncontroverted testimony supplied the only factual basis for the judge's conclusions of law — which are open to us on review — we may "analyze[] the record to see if the findings implicit in the judge's ruling are supported." *Commonwealth* v. *Gaulden*, 383 Mass. 543, 547 (1981). The basic question to consider is whether the search was justified under the second paragraph of G. L. c. 276, § 1 (1990 ed.), set forth in the margin,[2] a statute which governs the scope of a police officer's authority to conduct "searches incident to arrest." We are aware that § 1 does not require exclusion of evidence if the Commonwealth can demonstrate an independent constitutionally permissible basis for the search other than being incident to a lawful arrest. See *Commonwealth* v. *Toole*, 389 Mass. 159, 162 & n.6 (1983). However, in the circumstances of this case, other grounds for justifying the search are either waived or unsupported in the record.[3]

---

sion of marihuana. He was acquitted on all the indictments except the one charging him with unlawful possession of marihuana.

[2]"A search conducted incident to an arrest may be made only for the purposes of seizing fruits, instrumentalities, contraband and other evidence of the crime for which the arrest has been made, in order to prevent its destruction or concealment; and removing any weapons that the arrestee might use to resist arrest or effect his escape. Property seized as a result of a search in violation of the provisions of this paragraph shall not be admissible in evidence in criminal proceedings." See *Commonwealth* v. *Madera*, 402 Mass. 156, 159-160 (1988).

[3]While the judge apparently denied the defendant's motion on the ground presented by the prosecutor that the search was valid pursuant to the Douglas police department's vehicle inventory search policy, the Commonwealth, in its brief, concedes that the policy is invalid under *Commonwealth* v. *Bishop*, 402 Mass. 449, 451 (1988). The Commonwealth has not

Testimony at the suppression hearing revealed the following. Around 5:00 P.M. on August 10, 1989, Officer Beaupre was on routine patrol near the Whittons Reservoir dam. He drove by a Chevrolet Chevette parked in a "no trespassing" area. By the time he turned back to reconnoiter the situation, the vehicle was gone. An hour later, Officer Beaupre spied the same vehicle parked in another posted "no trespassing" area, and he stopped the car as it attempted to drive away. The defendant was the operator and was accompanied by a male passenger, whom the officer estimated to be about eleven years old. Officer Beaupre perused the defendant's valid license and registration and noted that the defendant "was not of the Douglas area." The officer testified that the "young male seemed a little fidgety" and "it appeared that [the defendant] may have been living out of his motor vehicle."

After the defendant provided an inadequate explanation regarding his destination and purpose, Officer Beaupre contacted his police dispatcher for a National Crime Information Center computer check on both occupants of the vehicle. In short order, Officer Beaupre learned that the boy was listed by the Woonsocket, Rhode Island, police department as a missing person. He detained the defendant and separately questioned the passenger: "I asked him if he was free to leave [the vehicle] and he told me no, he was not."

The defendant was placed under arrest for kidnapping, pat-frisked for weapons (none was found), and placed in the cruiser of another officer, who had arrived as a back-up. Officer Beaupre apparently never asked, nor did the boy volunteer, whether the defendant had ever brandished a weapon during the course of their time together. Both officers then conducted a roadside search of the vehicle pursuant to their departmental policy, and had the car towed away. Among

argued that the search was permissible pursuant to the "automobile exception" nor did the arresting officer suspect that the defendant was transporting drugs in his vehicle. See generally *California* v. *Acevedo,* 111 S. Ct. 1982 (1991); *Commonwealth* v. *Cast,* 407 Mass. 891, 901-903 (1990). Finally, the Commonwealth did not raise the argument that the warrantless search was reasonable because there were exigent circumstances.

other items, the officers found two backpacks and a utility knife on the floor in the rear passenger compartment. From one backpack, not completely closed by a flap on the top, Officer Beaupre retrieved a kitchen knife and a closed brown paper bag; this he opened and removed the smoking pipe in question.

1. The record does not support a contention that the search was permissible to "remov[e] any weapons that the arrestee might use to resist arrest or effect his escape." G. L. c. 276, § 1. Prior to conducting the search, Officer Beaupre had arrested the defendant, handcuffed him, and placed him in the rear of the back-up officer's cruiser. Once these steps had been taken, "there was no longer a basis for concern that the defendant would use anything in his car to resist arrest or to escape." *Commonwealth* v. *Rose*, 25 Mass. App. Ct. 905, 906 (1987). See *Commonwealth* v. *Lucido*, 18 Mass. App. Ct. 941, 942 (1984).

In a similar vein, the Commonwealth cannot maintain that the search was a valid protective search under *Terry* v. *Ohio*, 392 U.S. 1 (1968), and *Michigan* v. *Long*, 463 U.S. 1032 (1983), an inquiry which is distinct from the limitations imposed by § 1. See *Lucido, supra* at 942. See also G. L. c. 276, § 1 ("[n]othing in this section shall be construed to abrogate, impair or limit powers of search and seizure granted under other provisions of the General Laws or under the common law"). The only passenger was the boy himself: he was secured in Officer Beaupre's cruiser and could not possibly have used a weapon from the defendant's car to threaten the safety of either officer. Contrast *Commonwealth* v. *Brillante*, 399 Mass. 152, 155 (1987); *Commonwealth* v. *Lucido*, 18 Mass. App. Ct. at 942.

2. We also reject the argument that the search was lawful "for the purposes of seizing . . . evidence of the crime for which the arrest ha[d] been made. . . ." G. L. c. 276, § 1.[4]

---

[4]Section 1 does not require exclusion of evidence of an unrelated crime if the "search incident to a lawful arrest" was undertaken to gather evidence of the crime for which the suspect was arrested. *Commonwealth* v. *Madera*, 402 Mass. 156, 159 (1988).

The Commonwealth relies principally on *Commonwealth v. Beasley*, 13 Mass. App. Ct. 62, 64 (1982), for this contention.

In *Beasley*, however, police officers, while conversing with the defendant outside his vehicle, observed drugs inside his car while peering in with a flashlight (which is not a "search," see *Commonwealth v. Skea*, 18 Mass. App. Ct. 685, 688 [1984]). An officer entered the vehicle to conduct a more· thorough search and observed some fireworks, for possession of which he arrested the defendant. A search of the glove compartment subsequent to the arrest produced an envelope with money. The defendant challenged this seizure; we upheld the glove compartment search because it was "directed to obtaining other evidence of the crime for which the defendant had been arrested." *Beasley* at 64. See G. L. c. 276, § 1.

Neither the record nor common sense sustains an argument that there was a connection here between the contents of the paper bag and the kidnapping. See *Commonwealth v. Toole*, 389 Mass. 159, 162-164 (1983) (impermissible to search, pursuant to § 1, the cab of a truck for other evidence when the crime charged was simple assault); *Commonwealth v. Rose*, 25 Mass. App. Ct. at 906 (search of a zipped bag for evidence of driving while under the influence of alcohol held impermissible under § 1). In these circumstances we hold that the search of a closed paper bag exceeded the police officer's authority under § 1 to search for evidence of kidnapping, especially where Officer Beaupre testified that (1) he had not established prior to commencing the search that the defendant had used a weapon which might plausibly have been concealed in the bag; and (2) that he had not felt the outside of the closed bag to evaluate if it contained a weapon or other instrumentality related to kidnapping.[5] *Id.* at 906. Compare *Toole, supra* at 162. Contrast *Common-*

---

[5]We express no opinion in this case whether police officers might be justified in searching, incident to an arrest, a vehicle for weapons employed by a suspected kidnapper. Our holding is limited to the specific facts of this case.

*wealth* v. *Harding*, 27 Mass. App. Ct. at 438 (holding § 1 does not preclude searching an arrested burglary suspect's car for still unrecovered items derived from the thefts when defendant was arrested while driving vehicle and admitted he lived out of the vehicle). We also weigh in the balance the fact that the alleged victim was a boy, and it is at least not readily apparent to us that the defendant would have needed a weapon to overpower him.

Because the Commonwealth failed to demonstrate any constitutionally acceptable justification for the warrantless search of the contents of the paper bag, the motion judge improperly denied the defendant's motion to suppress.

> *Judgment reversed.*
> *Verdict set aside.*
> *Judgment for the defendant.*