COMMONWEALTH vs. CARLO CLERMY.

No. 93-P-1263.

Plymouth. September 29, 1994. - January 4, 1995.

Present: BROWN, IRELAND, & LAURENCE, JJ.

Further appellate review granted, 419 Mass. 1108 (1995).

Search and Seizure, Arrest, Container. Constitutional Law, Search and
   seizure. Arrest. Controlled Substances. Practice, Criminal, Required
   finding.

A police officer who arrested a defendant on a warrant could search the
   defendant's person incident to the arrest pursuant to the provisions of
   G. L. c. 276, § 1, and did not exceed his authority by seizing a hard
   object, a prescription bottle, concealed in the defendant's trousers.
   [775-777]
At the trial of a complaint for possession of cocaine with intent to dis-
   tribute, there was sufficient evidence, including expert testimony, for
   the judge to conclude that the requisite intent had been demonstrated.
   [778]
A conviction of possession of cocaine was duplicative of a conviction of
   possession of the same cocaine with intent to distribute. [778-779]


COMPLAINTS received and sworn to in the Brockton Divi-
sion of the District Court Department on July 31, 1991.

On appeal to the jury session of the Wareham Division, a
pretrial motion to suppress evidence was heard by Joseph D.
Clancy, J., and the cases were heard by Richard P. Kelleher,
J.

David P. Sorrenti for the defendant.

Mary E. Mullaney, Assistant District Attorney, for the
Commonwealth.

BROWN, J. The defendant was convicted in a jury-waived
proceeding in the District Court for possession of cocaine,
G. L. c. 94C, § 34, and possession of cocaine with the intent
to distribute, G. L. c. 94C, § 32A. On appeal, the defendant
alleges that the trial judge erred in denying his motions: (1)
to suppress evidence seized at the time of his arrest; (2) for a

required finding of not guilty; and (3) to dismiss the complaint for possession as duplicative of that for possession with the intent to distribute. The defendant is correct with respect to the last point, and resentencing is required.

1. *Motion to suppress.* The defendant was arrested pursuant to a valid arrest warrant. The police officers properly could conduct a contemporaneous search incident to arrest.[1] A search incident to an arrest is permissible under G. L. c. 276, § 1, for two reasons: (1) seizing the fruits of the crime for which the arrest is being made and (2) removing any weapon that the prisoner might use to resist arrest or effect his escape. See *Commonwealth* v. *Borden,* 403 Mass. 1008, 1009 (1988). In the instant case, the defendant was arrested for a minor traffic violation; therefore, the officers' search was not for fruits of the crime, but permissibly could be only a search for weapons. The police initially conducted a search and then placed the defendant with his hands cuffed behind his back in the police car.[2] The car was not a police cruiser and was not equipped with a protective screen between the front and rear seats. The officers then conducted a second search of the defendant which gave rise to the motion to suppress. During the second search, one of the officers felt a hard object near the defendant's groin area. He reached in and retrieved a prescription pill bottle, bearing someone else's name. The officer opened the bottle and discovered twenty-five individually wrapped packets of crack cocaine.

The defendant claims that once he had been secured in the police car, the officers were not entitled to open the closed container. The motion judge, however, in his finding of facts

---

[1]"A search incident to arrest, similar to the search of a person pursuant to a warrant, generally is limited for purposes of both the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights, to the body of the person arrested and the area and items within his or her immediate possession and control at the time." *Commonwealth* v. *Santiago,* 410 Mass. 737, 743 (1991). See also G. L. c. 276, § 1.

[2]A telephone beeper and sixty-six dollars in cash were uncovered in the course of this lawful search incident to the defendant's arrest.

and rulings of law, concluded that this second search was valid, given the totality of the circumstances.

The problem with the motion judge's findings is that they are not clear as to what he meant by the so-called "second search." The defendant maintains that the second search entailed the retrieval and seizure of the bottle, and a third search occurred when the officer removed the cover from the bottle. Contrast *Commonwealth* v. *George*, 35 Mass. App. Ct. 551, 554-555 (1993). The defendant, thus, questions why the police opened the pill bottle — not, presumably, to look for concealed weapons, as the Commonwealth suggests.

Ordinarily, "while a trial 'judge's legal conclusion . . . is entitled to substantial deference, . . . such an ultimate legal conclusion, . . . drawn from the facts developed at the suppression hearing, is a matter for review . . . , particularly where the conclusion is of constitutional dimensions.' " *Commonwealth* v. *Spagnolo*, 17 Mass. App. Ct. 516, 517 (1984), quoting from *Commonwealth* v. *Jones*, 375 Mass. 349, 354 (1978). Our review of the instant circumstances leads us to conclude that the motion to suppress was correctly denied.

We do not pause to examine whether the inevitable discovery rule is implicated, see *Commonwealth* v. *O'Connor*, 406 Mass. 112 (1989), or whether the defendant had a reasonable expectation of privacy in the closed container that bore another's name. Nor do we need to consider whether as a matter of common sense the officer permissibly could examine the contents of a prescription pill bottle so suspiciously secreted, particularly one bearing a different name, as evidence of a crime in progress.

We think that the officer here did not exceed his authority by frisking the defendant or retrieving the hard object concealed in his trousers. See *Commonwealth* v. *Johnson*, 413 Mass. 598, 600-603 (1992). Likewise, it was not unlawful to examine the contents of the opaque plastic bottle that the latter search yielded.[3] *Id.* at 602. See and compare *Common-*

---

[3]The defendant does not argue that the police had no right to keep the container without a warrant or some proper way otherwise to secure it. We thus do not have to expound on the Hobson's choice facing the police of

*wealth* v. *Madera*, 402 Mass. 156, 158-161 (1988); *Commonwealth* v. *George*, *supra*. The officer reasonably could have been motivated to search the pill bottle out of concern for his safety.[4] See *Commonwealth* v. *Robbins*, 407 Mass. 147, 150-152 (1990). Cf. *Commonwealth* v. *Lucido*, 18 Mass. App. Ct. 941, 942-943 (1984) (valid protective search). Contrast *Commonwealth* v. *Ferguson*, 410 Mass. 611, 612-614 (1991), where, unlike here, at the time of the search the defendant was not under arrest and the officer knew that "he had a bag and not a gun." As the officer was entitled to search the defendant incident to arrest, the requirement of "prior justification" for an intrusion was satisfied, and so the seizure was lawful. See *Commonwealth* v. *Anderson*, 366 Mass. 394, 400-401 (1974).

The defendant places principal reliance on language in *Commonwealth* v. *Cassidy*, 32 Mass. App. Ct. 160, 163 (1992), where we said "there was no longer a basis for concern that the defendant would use anything in his car to resist arrest or to escape." The *Cassidy* case and both of the rescript opinions it relies on for support — *Commonwealth* v. *Lucido*, *supra*, and *Commonwealth* v. *Rose*, 25 Mass. App. Ct. 905, 906 (1984), involve searches of the defendant's car while he was restrained in a police cruiser; here, we are only concerned with a body search incident to an arrest. See and compare *Commonwealth* v. *Brillante*, 399 Mass. 152, 155-156 (1987) (search was lawful as incident to a lawful arrest). Cf. *Commonwealth* v. *Bongarzone*, 390 Mass. 326, 351-352 (1983) ("it is irrelevant that the occupant is standing outside the vehicle at the time of the arrest").

---

returning a potentially dangerous instrument to the defendant or retaining it for examination, either at the scene or later pursuant to a warrant.

[4]Arguably, a search of objects should be limited to those things which might be used to harm the officers or others nearby; however, dangerous weapons come in all shapes and sizes, and police officers are "not required to gamble with their personal safety." *Commonwealth* v. *Robbins*, 407 Mass. 147, 152 (1990). Contrast *Commonwealth* v. *Silva*, 366 Mass. 402, 410 (1974) (packet "could not conceivably have contained a gun"); *Commonwealth* v. *Ferguson*, 410 Mass. 611, 614-615 (1991); *Commonwealth* v. *Santiago*, 410 Mass. at 742-744 (1991) (the automobile was not within the defendant's "reach" or "immediate control" at the time of the search).

2. *Motion for a required finding.* The Commonwealth here satisfied its burden by presenting sufficient evidence — which did not deteriorate during the presentation of the defendant's case-in-chief, *Commonwealth* v. *Doucette*, 408 Mass. 454, 462 (1990) — to convict the defendant of the offense charged.

General Laws c. 94C, § 32A, sets out two basic elements for possession with the intent to distribute cocaine: (1) knowingly possessing the drug, and (2) intending to transfer it physically to another person. Here, the defendant does not dispute the adequacy of the Commonwealth's evidence on the former element; rather, he claims that there was insufficient evidence for the judge to conclude that the defendant intended the drugs for anything more than his personal consumption. However, the Commonwealth presented expert testimony suggesting that the many small packets of drugs found here likely had been prepared for distribution. See *Commonwealth* v. *Montanez*, 410 Mass. 290, 305-306 (1991); *Commonwealth* v. *Johnson*, 413 Mass. at 603-604. This court and the Supreme Judicial Court frequently have endorsed the admission of such evidence, acknowledging that both the quantity of drugs recovered, as well as the manner in which it is packaged, are highly probative of a defendant's plans for its use. See *Commonwealth* v. *Johnson*, 410 Mass. 199, 202 (1991); *Commonwealth* v. *Sendele*, 18 Mass. App. Ct. 755, 758-759 (1984). Additionally, at the time of his arrest, the defendant also had a moderate amount of cash and a telephone beeper in his possession — both traditional accoutrements of the illegal drug trade. See *Commonwealth* v. *Parillo*, 29 Mass. App. Ct. 969, 970 (1990). In these circumstances, the fact finder was entitled to conclude that the intent element of § 32A had been established.

3. *Duplicative convictions.* The defendant was convicted both of possession of cocaine with intent to distribute, G. L. c. 94C, § 32A, and possession of cocaine, G. L. c. 94C, § 34, for which he apparently received separate, concurrent sentences. Insofar as the latter is a lesser included offense of the former, the two convictions cannot stand. *Commonwealth*

v. *Ruggerio*, 32 Mass. App. Ct. 964, 966 (1992). As the Commonwealth concedes, the court must vacate the conviction on the lesser charge — possession — and dismiss the complaint on which that offense is charged. The conviction for possession with intent to distribute cocaine is unaffected by this action. However, insofar as the trial judge may have been influenced in fixing sentence by the fact that the defendant had been convicted upon two complaints, resentencing is required. *Ibid.*

The judgment of conviction for possession is vacated and the underlying complaint is to be dismissed. The judgment of conviction for possession with intent to distribute is affirmed. The sentences are vacated and the case is remanded for resentencing on the conviction for possession with intent to distribute.

*So ordered.*