COMMONWEALTH *vs.* EDWARD J. COX. No. 01-P-907. November 4, 2002. *Search and Seizure,* Automobile, Threshold police inquiry. *Constitutional Law,* Search and seizure, Investigatory stop.

The defendant was charged under G. L. c. 90, § 24, with operating while under the influence of intoxicating liquor. He filed a motion to suppress evidence obtained during a motor vehicle stop, claiming that the stop leading to his arrest was not justified by reasonable suspicion. After conducting an evidentiary hearing, a District Court judge allowed the motion. Thereafter the Commonwealth was given leave by a single justice of the Supreme Judicial Court to proceed with this interlocutory appeal.

1. *Basis for decision below.* Although the motion judge did not make comprehensive findings of fact, we are able to review his ruling because his reasoning is "clearly evident from the record." *Commonwealth* v. *Brady,* 380 Mass. 44, 52 (1980), quoting from *Jackson* v. *Denno,* 378 U.S. 368, 378-379 (1964). In a margin endorsement, the judge stated as follows:

"After an evidentiary hearing (at which the [defendant's] presence had been previously waived by the Court),[1] the Court finds that the police officer relied entirely upon information supplied by a reporting motorist when he stopped the [defendant's] motor vehicle. The officer made no independent observations of the [defendant] that would corroborate the information supplied by the reporting motorist. Indeed, prior to the stop, the officer did not observe any unlawful (or even peculiar) activity

---

[1]Waiving the defendant's presence at a suppression hearing ordinarily is to be avoided. Apparently the defendant was not present because his counsel was unable to locate him. A notice of the hearing sent by counsel had been returned for lack of a correct address.

by the [defendant] or in the operation of [the defendant's] motor vehicle that would justify the stop. In the absence of corroboration, the officer lacked a lawful basis to stop the [defendant]."

In addition, at the conclusion of the hearing on the defendant's motion, the judge explained his reasoning thus:

"I'm going to allow the Motion. In the absence of even a scintilla of corroboration by the officer . . . there isn't a lawful basis for the officer to pull over that pick up truck based on a cell phone tip. Even in combination with what is logically inferred from the cell phone caller and flashing high beams and pointing out that truck, if the officer had seen that truck do any of the usual uncoordinated operation difficulties or operator's conduct difficulties connected with operating under the influence cases, operating on the wrong side of the road, swerving to pull away, lurching to a stop, accelerating to a higher rate of speed that would be reasonable and proper under the circumstances then the stop would have been on point but in the absence of that, although I can understand that Officer Hanson's twelve years operating under the abundance of caution . . . the logic of the [l]aw requires some observation of your own officer that says well it looks to me like that operator might be impaired . . . ."

Both the judge's endorsement and his statements on the record indicate that his decision was based upon the absence of corroborating observations by the arresting officer. Since corroboration is not necessary unless there is a weakness in one or both prongs of the two-prong test applicable to assessing tips reported to the police, see *Commonwealth* v. *Lyons*, 409 Mass. 16, 19 (1990); *Commonwealth* v. *Redd*, 50 Mass. App. Ct. 904, 906 (2000), it follows that the judge found such a weakness here. Given that the citizen informant was an eyewitness, the basis of knowledge prong plainly was satisfied. See *Commonwealth* v. *Allen*, 406 Mass. 575, 578 (1990); *Commonwealth* v. *Lubiejewski*, 49 Mass. App. Ct. 212, 214 (2000). It is, therefore, apparent that the sole ground for the judge's decision was an implicit determination that the citizen informant's reliability was not sufficiently established. We reach a different conclusion.

2. *Facts.* The only witness at the suppression hearing was Officer Keith Hanson, the police officer who stopped the defendant. Because the defendant does not challenge any aspect of Officer Hanson's testimony, and it does not appear that the motion judge discredited anything he said, our analysis is based on the facts recounted by the officer. See *Commonwealth* v. *Cassidy*, 32 Mass. App. Ct. 160, 161 (1992), citing *Commonwealth* v. *Harding*, 27 Mass. App. Ct. 430, 431 (1989).

Officer Hanson, a police patrolman for the Marshfield police department for over eighteen years, was assigned to patrol the north area of town on the night in question. Hanson received a radio dispatch that a motorist heading eastbound behind a white Dodge Dakota pickup truck, Massachusetts plate number 4274PV, had seen the truck "all over the road, possibly drunk, going over the lines, swerving back and forth."

In response to this dispatch, the officer drove in a southerly direction down Route 3A in an effort to locate the vehicle. When he reached the intersection of Routes 3A and 139, he saw a white Dodge Dakota pickup truck with a

black Ford coupe behind it. At first, Hanson did not notice the license plate on the truck, but, after pulling in behind it, he noted that the plate number matched the one in the dispatch. He also observed that the female driver of the Ford coupe was pointing toward the truck and repeatedly flashing the lights on her car from high to low beams. As the motion judge observed at the hearing, Officer Hanson "logically infer[red] . . . that's the cell phone caller, . . . the plate number is the one that I got the tip on and the operator is making that extra effort to point [this] out by flashing [her] lights."[2]

When the truck "began pulling away from [him]," Hanson activated his blue lights.[3] In response, the driver of the truck put on his left turn signal and turned right into a gas station. Both Hanson and the driver of the Ford coupe pulled in behind the truck. As Hanson approached the operator of the truck, the driver of the Ford got out of her car and said that she was the one who had observed the truck "being all over the road." The defendant was charged with operating while under the influence of liquor.

3. *Discussion.* In the recent case of *Commonwealth* v. *Love, ante* 229 (2002), we had occasion to discuss the principles governing the reliability of a citizen witness who reports to the police about dangerous, erratic driving that the citizen witness has just observed on the road. We concluded that a tip from a citizen witness who was identifiable, and who presented himself in person to the police to report information of some urgency, was sufficiently reliable to justify police investigation. We think that the reasoning of *Love* applies here.

Officer Hanson undertook to stop the defendant based upon more than simply an anonymous telephone tip. The officer was, as noted by the motion judge, entitled to infer that the woman in the Ford coupe was the same person who had telephoned the police. When the officer arrived, she was positioned as she had indicated in her call, driving behind the defendant, and she took great pains to bring attention to herself and to point out the defendant to the officer by repeatedly flashing her lights and motioning to the defendant's vehicle. Thus, she was akin to a citizen bystander and was not the equivalent of a faceless informer. See *Commonwealth* v. *Stoute,* 422 Mass. 782, 790-791 (1996).

Significantly, the citizen witness made no effort to preserve her anonymity. Contrast *Commonwealth* v. *Barros,* 435 Mass. 171, 172 n.1, 177 n.7 (2001). Indeed, even before she pulled over to speak with the officer after the stop, the officer could have noted the license plate number on her vehicle. Compare *Commonwealth* v. *Love, ante* at 234. Finally, again as in *Love,* it is relevant in assessing the objective reasonableness of Officer Hanson's response that the target of the tip was in a moving vehicle, presenting an imminent danger to the public — in this case, by being "all over the road, possibly drunk, going over the lines, swerving back and forth." Thus, "the nature of the situation, together with the reliability of the citizen witness, gave [Officer Hanson] a reasonable basis for stopping the defendant's vehicle." *Id.* at 235.

---

[2]The judge opined that "it makes all the sense in the world" that the officer would have drawn this conclusion.

[3]There is no detail in the record about the driver pulling away. It is clear, however, that Hanson activated his blue lights without having observed any suspicious behavior, and that the driver committed no motor vehicle infraction in the officer's presence.

The order allowing the defendant's motion to suppress is therefore reversed.

*So ordered.*

*Gail M. McKenna*, Assistant District Attorney, for the Commonwealth.

*John C. Manoog, III*, for the defendant.