COMMONWEALTH *vs.* JOSEPH PULEIO. July 31, 1978. The defendant argues that it was error to permit the introduction in evidence of a firearm discovered through a "pat-down" of his person either just before (as the judge found) or just after (as the defendant contends) his arrest. The defendant concedes, as he must, that the police officer had probable cause to believe that the defendant and his companions had attempted to steal a wheel from a parked motor vehicle, and he further concedes that their arrest would be valid for that reason, apart from the firearm. His contention seems to be that the second paragraph of G. L. c. 276, § 1, as appearing in St. 1974, c. 508, makes inadmissible any evidence seized in a search incident to an arrest other than evidence related to the crime which justified the arrest. At

least, he contends, § 1 is ambiguous, the interpretation he suggests is a possible interpretation, and he is entitled to the benefit of that interpretation as it is the one most favorable to defendants. We reject the contention because we are of the opinion that § 1 is not capable of such a construction. On its face, § 1 makes inadmissible only "[p]roperty seized as a result of a search in violation of the provisions of [the second] paragraph . . . ." Even if we accept the version of the facts posed by the defendant, the pat-down or search was not in violation of those provisions, as the defendant in his brief expressly concedes. The uncertainty which the statute may generate will not be the result of ambiguity but rather of the statute's apparent subjective test, the lawfulness of the search seeming to turn on the subjective purpose of the searching officer. See Weinreb, New Statute on "Searches," 3 Mass. Lawyers Weekly 35 (1974); compare Fiftieth Report of the Judicial Council, Pub. Doc. No. 144, at 118-123 (1974). Here there is no basis for rejecting the judge's finding that the officer's purpose was to search for concealed weapons, and it is conceded that the search was not excessive in scope. As the purpose of the search was within the terms of the statute, the evidence it produced was admissible, regardless of the purpose for which the alleged prior arrest may have been made. No contention is (or could be) made that the search exceeded constitutional bounds. See *Terry* v. *Ohio*, 392 U.S. 1 (1968); *United States* v. *Robinson*, 414 U.S. 218 (1973); *Gustafson* v. *Florida*, 414 U.S. 260 (1973).

*Judgment affirmed.*

*Norman S. Weinberg* (*Irving M. Smolker* with him) for the defendant.

*Joseph S. Ayoub, Jr.*, Special Assistant District Attorney, for the Commonwealth.