COMMONWEALTH *vs.* JOHN M. STAFFORD (and a companion case[1]).
October 26, 1984. *Arrest. Search and Seizure,* Probable cause, Exigent
circumstances.

Police officers received a tip from an unidentified informant of unknown
reliability that drugs were being sold in the Fitchburg High School parking
lot on mornings between 7:30 and 8:00 A.M. They staked out the lot from
a nearby house and observed (through binoculars) an automobile pull into
the lot to which young people came, in the words of the trial judge, "like
bees." The officers observed money being passed to the driver (Renaud).
They observed a person known to them to be a user come to the vehicle
and pass money in, receiving cigarettes in return. One of the officers said
the cigarettes looked hand-rolled; the other could not ascertain from that
distance. The two officers converged on the vehicle and ordered Renaud
out. Renaud disclaimed responsibility for the sales, saying Stafford (in the
passenger seat) was the seller. The police then searched Stafford and found
in his pocket a Marlboro pack with seventeen marihuana cigarettes. Stafford
and Renaud were then placed formally under arrest and have been convicted
of possession of a Class D substance (marihuana) with intent to distribute.

The judge denied the defendants' motions to suppress the marihuana
cigarettes as the product of an unlawful search. He ruled that the searches
were based on probable cause to believe the defendants were selling drugs.
He also ruled that the defendants were not arrested until after the search
and found that the officers would not have arrested them except for the fact
that the search revealed marihuana.

The rulings were correct. The binocular observations were proper. *Com-
monwealth* v. *Ortiz,* 376 Mass. 349, 351-352 (1978). The transactions
observed were more incriminating than the defendant's behavior in *Common-
wealth* v. *Stevens,* 362 Mass. 24, 27-29 (1972), and tended to corroborate
the tip. Compare *Commonwealth* v. *Avery,* 365 Mass. 59, 63-64 (1974);
*Commonwealth* v. *Blatz,* 9 Mass. App. Ct. 603, 604-606 (1980); *Common-
wealth* v. *Lee,* 10 Mass. App. Ct. 518, 527 (1980). With respect at least to
Renaud, the police thus had probable cause both to arrest (i.e., to believe that
he had sold drugs) and to search (i.e., to believe he carried contraband). See
*Commonwealth* v. *Skea, ante* 685, 688, 689-690 (1984). Probable cause both
to arrest and to search Stafford existed (at the latest) after Renaud made his
exculpatory statement. No warrant could have been obtained in advance.

It is possible that the searches can be justified as incident to arrest. There
is no constitutional problem in this regard, there having been probable cause
to arrest before the searches, coupled with custodial arrests immediately
thereafter. See *Rawlings* v. *Kentucky,* 448 U.S. 98, 111 (1980). The finding
concerning the officers' contingent intention would not, in our view, impair
the applicability of the *Rawlings* holding, but merely reflects a common-
sense recognition that the officers would not have arrested the defendants if

[1] Commonwealth *vs.* David M. Renaud.

the searches had revealed that the cigarettes were not in fact marihuana but were instead ordinary tobacco. See *People* v. *Simon,* 45 Cal. 2d 645, 648 (1955), quoted in *Commonwealth* v. *Skea, ante* at 694 n.14. See also *Scott* v. *United States,* 436 U.S. 128, 138-139 (1978); *United States* v. *Leon,* 468 U.S. 897, 922 n.23 (1984); *United States* v. *McCambridge,* 551 F.2d 865, 870 (1st Cir. 1977).

There may be a question, however, whether the search may be justified as one incident to arrest in light of the second paragraph of G. L. c. 276, § 1, inserted by St. 1974, c. 508. That provision, added in response to the unlimited scope afforded such searches under *United States* v. *Robinson,* 414 U.S. 218 (1973) (as to which, see *Commonwealth* v. *Wilson,* 389 Mass. 115, 118 [1983]; *Commonwealth* v. *Toole,* 389 Mass. 159, 161-162 [1983]), states in part: "A search conducted incident to an arrest may be made only for the purposes of seizing fruits, instrumentalities, contraband and other evidence of the crime for which the arrest has been made, in order to prevent its destruction or concealment; and removing any weapons that the arrestee might use to resist arrest or effect his escape." The focus of the statute is on the police officer's purpose in conducting the search, *Commonwealth* v. *Puleio,* 6 Mass. App. Ct. 909 (1978), and the permissible purposes are defined by reference to the arrest. The statute predated *Rawlings* v. *Kentucky, supra,* and its language seems to presuppose that the arrest will have preceded the search. Where the arrest follows the search (and especially where, as the judge found, there existed at the time of the search no fixed purpose to arrest), it is not entirely clear that the statute permits a search-incident-to-arrest justification.

It is unnecessary to consider in detail the application of the statute. The officers had probable cause to believe Stafford possessed marihuana cigarettes, and the circumstances were exigent. An appropriately limited search in those circumstances was justified for the reasons stated in *Commonwealth* v. *Skea.* If a search has a constitutionally permissible basis other than search incident to arrest, it falls outside the provisions of G. L. c. 276, § 1. *Commonwealth* v. *Toole,* 389 Mass. at 162.

The searches and subsequent arrests being lawful, the other points argued are without merit.

*Judgments affirmed.*

*W. Theodore Harris, Jr.,* for John M. Stafford.
*Harry D. Quick, III,* Assistant District Attorney, for the Commonwealth.