COMMONWEALTH *vs.* GREGORY E. BORDEN (and three companion cases[1]). December 7, 1988. *Search and Seizure*, Arrest.

At issue is the correctness of an order allowing the defendants' joint motion to suppress evidence seized from an automobile after the arrest of the defendants. The Commonwealth then applied to a single justice of this court for leave to appeal. See Mass. R. Crim. P. 15 (b) (2), 378 Mass. 882 (1979) as amended by 397 Mass. 1225 (1986). The single justice allowed the Commonwealth's application and reserved and reported the case to the full court. We reverse the order allowing the motion to suppress.

---

[1] Aetna Insurance Company, Cigna Insurance Company, Indemnity Insurance Company of North America, Insurance Company of North America, and Pacific Employers Insurance Company.

[2] Tri-Town Insurance Agency, Inc.

[1] Two against Thomas J. Mancini and one against Gregory E. Borden.

On November 6, 1986, Detective Charles Wilson and Officer Mayfield Holiday of the Boston police department were assigned to the drug control unit in the East Boston area. An informant told them that drugs could be purchased by calling a specific telephone number. Wilson telephoned the number given to him by the informant. Wilson told the male voice answering the telephone he was "Sean." Wilson asked for "two" (i.e., two half-grams of cocaine). In response to a question as to his location Wilson said he would be on Porter Street near a named East Boston pizza shop. The person answering the telephone said he would be there in about ten to fifteen minutes.

Wilson went to the street and stood near the pizza shop; Holiday waited nearby in an unmarked police car. About fifteen minutes later the defendants drove up in a Toyota automobile. Borden drove and Mancini was in the passenger seat. Mancini asked Wilson if he were "Sean." Wilson said he was "Sean." As Wilson approached the car he saw Borden give Mancini a plastic bag of white powder. Mancini said, "Fifty dollars." Wilson motioned to Holiday as he gave Mancini $50. Holiday blocked the defendants' automobile and the officers identified themselves. The officers ordered the defendants out of the automobile and arrested them. The officers then searched the automobile and found eighteen additional packets of white powder, $1,177, and a voice-activated paging device. The white powder was analyzed and determined to be cocaine.

The defendants were indicted for possession of cocaine with intent to distribute and for the distribution of cocaine. The defendants filed a motion to suppress alleging that the veracity and reliability of the informant was never established. The judge agreed and suppressed the evidence seized at the time of the arrest.[2] On appeal the Commonwealth argues, as it did at the hearing, that the veracity and reliability of the informant is irrelevant because the evidence was seized pursuant to a valid arrest. We agree.

The police investigated the accuracy of the telephone number by calling the number to make a purchase of cocaine. The police made an appointment to purchase cocaine with the person who answered the telephone. The defendants kept the appointment and Wilson did purchase cocaine from the defendants. As a result of that purchase Wilson then had probable cause to arrest the defendants and, contemporaneous with the arrest, to search the automobile for the purpose of "seizing fruits, instrumentalities, contraband and other evidence of the crime for which the arrest has been made in order to prevent its destruction or concealment." G. L. c. 276, § 1 (1986 ed.). "It is irrelevant that the occupant is standing outside the vehicle at the time of the arrest." *Commonwealth* v. *Bongarzone*, 390 Mass. 326, 351 (1983). See *New York* v. *Belton*, 453 U.S. 454, 456, 462 (1981).

---

[2] The judge did not indicate whether the white powder purchased by Wilson also was suppressed. On the result we reach we need not decide the issue whether the purchase of the cocaine should be treated differently from the cocaine seized pursuant to the search.

The order allowing the defendants' motion to suppress is reversed, and the cases are remanded to the Superior Court for further proceedings.

*So ordered.*

*Laura Callahan Burnham*, Assistant District Attorney, for the Commonwealth.

*Joseph J. Machera* for the defendants.