## COMMONWEALTH vs. ALFRED L. AMENDOLA, JR.

No. 88-P-41.

Norfolk. May 24, 1988. — December 29, 1988.

Present: ARMSTRONG, KAPLAN, & BROWN, JJ.

Further appellate review granted, 404 Mass. 1104 (1989). ˙

*Controlled Substances. Search and Seizure,* Arrest, Automobile, Probable cause. *Constitutional Law,* Search and seizure, Probable cause. *Arrest. Probable cause.*

In a criminal case the judge incorrectly denied the defendant's motion to suppress controlled substances found in a motor vehicle where there was no lawful reason for the police to have searched that automobile. [715-716]

In a criminal case, where the evidence at the close of the Commonwealth's case was insufficient to warrant a finding that the defendant knew that the glove compartment and trunk of a certain motor vehicle contained controlled substances, the judge incorrectly denied the defendant's motion for a required finding of not guilty. [716-718]

COMPLAINTS received and sworn to in the Quincy Division of the District Court Department on May 25, 1984.

On transfer to the jury session of the Dedham Division, motions to suppress were heard by *Thomas F. Fallon,* J., and the cases were tried before him.

*Francis X. Goode* for the defendant.

*Stephanie Martin Glennon,* Assistant District Attorney, for the Commonwealth.

BROWN, J. The defendant was convicted of possession of a class B substance, to wit: cocaine (G. L. c. 94C, § 34), possession of a class D substance, to wit: marihuana (G. L. c. 94C, § 34), and possession with intent to distribute a class D substance, to wit: marihuana (G. L. c. 94C, § 32C).[1] The

---

[1] The marihuana found in the trunk of one of the vehicles apparently formed the basis for both the possession and possession with intent to distribute complaints. The defendant should not have been convicted of both charges. See *Commonwealth* v. *Clemmons*, 370 Mass. 288, 294 (1976).

defendant filed two motions to suppress contraband found in two automobiles, "a blue and white 1976 Pontiac Gran Prix," and "a 1969 red Triumph." Both motions were denied. On appeal he claims that the court erred in denying his two motions to suppress and his "motion for judgment for the defendant notwithstanding the verdict."[2]

We conclude that the judge improperly denied one of the motions to suppress and that the evidence remaining was insufficient to warrant submission of the case to the jury. We accordingly reverse the judgments.

On May 24, 1984, Detective David Brown received information[3] that a drug transaction was to take place later that day in a parking lot at the South Shore Plaza in Braintree. Brown was told that the occupant or occupants of an old blue and white Pontiac Grand Prix, would meet with the occupant of a brown station wagon and that the Pontiac would contain approximately fifteen to twenty pounds of marihuana. At the hearing on the motions to suppress, Detectives Brown and Gallagher testified that they observed a Pontiac (with two persons inside), which matched the description given, "canvass" the parking lot and then park next to a brown van.[4] The operator of the Pontiac, later identified as the defendant, stepped out, spoke briefly to the operator of the van and then disappeared into the shopping plaza. The defendant emerged a few minutes later, spoke briefly to his passenger, who had taken a seat on the hood of the Pontiac, and then walked away. The two detectives approached the passenger, later identified as John Pires, and asked him for identification. In response to questioning, Pires disavowed any knowledge of the defendant or the Pontiac. The

---

[2] For purposes of this appeal, we assume, as does the Commonwealth, that a motion for a required finding of not guilty was filed at the close of the Commonwealth's case. See Mass.R.Crim.P. 25, as amended, 389 Mass. 1107 (1983).

[3] The Commonwealth does not claim that this information, in and of itself, satisfies either prong of the *Aguilar-Spinelli* inquiry. See *Aguilar* v. *Texas,* 378 U.S. 108 (1964); *Spinelli* v. *United States,* 393 U.S. 410 (1969).

[4] We note that the informant had told the police to look for a brown station wagon, not a brown van.

officers subsequently found the keys to the Pontiac in Pires's clenched fist and pants pocket. In an attempt to locate the registration, Detective Gallagher opened the glove compartment and saw a packet containing a white powder, which he believed to be cocaine. The officers searched the remainder of the vehicle and found fourteen and one-half pounds of marihuana in the trunk. The police then questioned the defendant, who was standing next to a Triumph parked approximately 250 feet away. The keys to the Triumph were taken from the defendant and the trunk opened. The trunk contained an electronic scale with a white powder residue, later found to be cocaine. The defendant and Pires were then placed under arrest. Neither vehicle was registered to the defendant.

The defendant testified that he had driven the Triumph to the shopping plaza, that he had gone inside to shop and that he had spoken only briefly with Pires, a former classmate, on his way back to the Triumph. He also testified that he had once owned the Triumph but that it now belonged to his girlfriend; that he was operating it that day with her knowledge and permission; that the police were able to open the trunk without the keys because the lock was broken; and that the electronic scale was used in his father's store to measure spices. The evidence presented at trial was "essentially the same" as that presented at the motion hearing.

The warrantless search of the Triumph was invalid. See and compare *Commonwealth* v. *Bongarzone*, 390 Mass. 326, 350 (1983) ("automobile exception" to warrant requirement). Contrast *Commonwealth* v. *Borden*, 403 Mass. 1008, 1009 (1988). We are, of course, mindful that, with respect to the sufficiency of informants' tips to generate probable cause, the Supreme Judicial Court has stated that "independent police corroboration can compensate for deficiencies in either or both prongs of the *Aguilar-Spinelli* test." *Commonwealth* v. *Robinson*, 403 Mass. 163, 166 (1988), and cases cited. Note 3, *supra*. Here the Triumph was not one of the vehicles which had been described by the informant, and neither the defendant nor Pires had entered the Triumph or its trunk. Nothing found in the Pontiac suggested that contraband or paraphernalia might also be found

in the Triumph, and neither the defendant nor Pires had made any statements which might have warranted a search of the Triumph. See *Commonwealth* v. *Stevens*, 362 Mass. 24, 27 (1972).

Even if we assume that the discovery of the drugs in the Pontiac gave the police probable cause to arrest the defendant (an argument not made by the Commonwealth), it cannot be maintained that the search of the Triumph was incident to the defendant's arrest.[5] Contrast *Commonwealth* v. *Bongarzone*, 390 Mass. at 351-352. Passing the question raised by *Commonwealth* v. *Stafford*, 18 Mass. App. Ct. 964, 965 (1984) (where arrest follows search, G. L. c. 276, § 1, may not permit search incident to arrest justification), the search was impermissibly broad and therefore invalid. The defendant was "next to" the Triumph when he was "stopped." He had not been seen entering it or its trunk at any point prior to that. Contrast *Commonwealth* v. *Borden, supra*. Nor may it be fairly inferred that the trunk was within the defendant's reach. The police should not have opened the trunk. See *New York* v. *Belton*, 453 U.S. 454, 460 n.4 (1981) (authorizing search of passenger compartment as incident to arrest of person standing outside the vehicle); *Commonwealth* v. *Beasley*, 13 Mass. App. Ct. 62, 65 (1982). The motion to suppress evidence seized from the trunk of the Triumph was improperly denied.

Without the evidence derived from the search of the Triumph, at the close of the Commonwealth's case the evidence presented viewed in the light most favorable to the Commonwealth consisted of the following. The defendant was the operator of a Pontiac; he "canvassed" a parking lot and then parked next to a brown van. He got out of the automobile, spoke briefly to the operator of the van, and disappeared into a nearby shopping plaza. A few minutes later, he emerged from the shopping plaza, spoke briefly to his passenger, who was then seated on the hood of the Pontiac. He then walked away.

---

[5] It is irrelevant that for Federal constitutional purposes the defendant was not placed formally under arrest until after the evidence was seized from the Triumph. See *Rawlings* v. *Kentucky*, 448 U.S. 98, 111 (1980).

A packet of cocaine was found in the Pontiac's glove compartment and fourteen and one-half pounds of marihuana were found in the trunk. The automobile was not registered to the defendant and he was not in possession of the keys. No evidence was presented concerning the activities of the occupant of the brown van.

The correctness of the ruling on the motion to suppress aside,[6] the larger problem here for the Commonwealth is to link the drugs found in the Pontiac (even if properly seized) to this defendant. The point is close, but on balance the panel are of the view that the admissible evidence at the close of the Commonwealth's case was insufficient to warrant a finding that the defendant was aware of the contents of either the glove compartment or the trunk.[7] See *Commonwealth* v. *Boone*, 356 Mass. 85, 87 (1969) (presence alone is insufficient to warrant finding of knowledge); *Commonwealth* v. *Almeida*, 381 Mass. 420, 422-423 (1980) (insufficient evidence from which the jury could infer that defendant had seen or felt the gun inside console of borrowed automobile). Contrast *Commonwealth* v. *Gray*, 5 Mass. App. Ct. 296, 298 (1977) (inference warranted where defendant was driver and weapons were in plain view). Contrast also *id.* at 300-301 (Brown, J., dissenting, joined by Goodman, J.).

This case can be distinguished from those cases in which the evidence warranted a finding of knowledge on the part of the vehicle's operator. See *Commonwealth* v. *Collins*, 11 Mass. App. Ct. 583, 585-586 (1981) (inference warranted where firearms found in trunk of vehicle owned and operated by the defendant, who had ammunition for two of the guns in his

---

[6] Our resolution of the merits in the defendant's favor makes unnecessary any discussion of the questions whether the defendant had standing to object to either search. See *Rawlings* v. *Kentucky,* 448 U.S. 98, 104 (1980). Compare *Commonwealth* v. *King,* 389 Mass. 233, 240 (1983). See also in this regard, *Commonwealth* v. *Mora,* 402 Mass. 262, 265-267 (1988), and cases cited.

[7] Even if the tip is considered as evidence bearing on the occupant's knowledge of the contents of the Pontiac, a sufficient connection between the defendant and the contraband discovered in the Pontiac has not been established.

pocket and had acknowledged having assisted his passengers in packing the trunk); *Commonwealth* v. *Lucido*, 18 Mass. App. Ct. 941, 943 (1984) (inference warranted where firearm located in locked glove compartment of vehicle operated by defendant, who possessed key to glove compartment and where letters addressed to him were found with gun); *Commonwealth* v. *Montgomery*, 23 Mass. App. Ct. 909, 910 (1986) (inference warranted where defendant was driver of vehicle registered to passenger, and defendant possessed ammunition clip for gun found on driver's side). Contrast also *Commonwealth* v. *Reilly*, 23 Mass. App. Ct. 53, 55 (1986) (inference warranted where defendant left disabled vehicle on highway, children playing near that location two days later found briefcase and tool box which contained gun as well as various personal items and defendant acknowledged ownership of all items except gun).

Had the defendant's motion to suppress evidence seized from the Triumph been allowed, his motion for a required finding of not guilty should have been allowed at the close of the Commonwealth's case.[8]

*Judgments reversed.*

*Verdicts set aside.*

*Judgments to enter for the defendant.*

---

[8] We emphasize that the defendant's statements at the pretrial motions hearing that he had neither driven or been a passenger in the Pontiac were not part of the Commonwealth's case-in-chief. Nor may we consider statements made by the defendant in his own defense.