Justice Rehnquist, Circuit Justice.
 

 Applicant Arturo Beltran, a former member of the Nuestra Familia criminal organization, is currently incarcerated in the Metropolitan Correction Center in San Diego on the basis of several criminal convictions in state courts. Because Beltran is cooperating with state and federal authorities by testifying in pending prosecutions, and because federal officials have determined that his cooperation has created a risk to him, he is in federal custody in the witness protection program. See 18 U. S. C. § 5003; Organized Crime Control Act of 1970, Title V, §§501-503 of the Act of Oct. 15, 1970, Pub. L. 91-452, 84 Stat. 933, note preceding 18 U. S. C. §3481.
 

 In July 1982, federal officials decided to transfer Beltran to another federal facility where he would remain in the witness protection program. On July 20, Beltran filed a complaint for declaratory relief and an application for a temporary re
 
 *1140
 
 straining order in the Southern District of California. The District Court entered a temporary restraining order and set a hearing for the next morning. Between July 22 and July 30, the court held three hearings and received extensive briefs.
 

 Beltran contended in the District Court that he would be in more, danger at any other facility than at San Diego, in part because he would have to return to California to testify and the trips back and forth would be dangerous. He also claimed that he was entitled to remain in San Diego under the terms of his plea bargain with state officials. On July 30, the District Court denied a preliminary injunction. It ruled from the bench that Beltran had not demonstrated the requisite irreparable injury. Although there would be an added danger from the additional movement that the transfer would require, the court held that there was no indication that the federal officials charged with his movement would not take all necessary precautions, and that the added risk does not rise to immediate irreparable harm.
 

 Beltran appealed to the Court of Appeals and sought a stay pending appeal. On July 30, the Court of Appeals granted a temporary stay and ordered the Government to file á response. On August 24, the Court of Appeals vacated its temporary stay, denied a motion for an injunction pending appeal, and denied a motion for a temporary stay pending application to this Court. Beltran’s appeal from the denial of the preliminary injunction remains pending in the Court of Appeals.
 

 Beltran has applied to me in my capacity as Circuit Justice for an emergency stay while his appeal to the Court of Appeals is pending. Beltran fears that he will be killed if he is transferred. He states that there is no guarantee that a new facility will offer him as much safety and security as his current location. Finally, Beltran claims that part of his security in his current location is based on his familiarity with prison personnel and inmates and that once he is moved he will be
 
 *1141
 
 unable to return to the Metropolitan Correction Center in San Diego and enjoy the same degree of safety because the prison’s population and personnel will change in the interim.
 

 There is always a risk that Beltran will be attacked; this is why he is in the witness protection program. Although Beltran may be correct that that risk will be increased if he is moved, there is no indication that the officials responsible for the program will not continue to provide him with protection under the terms of the program. Beltran has not submitted to me any evidence sufficiently compelling to overcome the conclusion of the courts below that any increased risk he may bear does not rise to the level of irreparable injury. Indeed, Beltran’s contentions are, in essence, that he is more comfortable and feels safer where he is than he would elsewhere. The Attorney General has authority to transfer Beltran from one facility to another in his discretion. 18 U. S. C. § 4082(b). In the light of the conclusions of the District Court and the Court of Appeals, Beltran’s claims are insufficient to justify me in interfering with the Attorney General’s discretion to run the prison system. See generally
 
 Bell
 
 v.
 
 Wolfish,
 
 441 U. S. 520, 562 (1979).
 

 For these reasons, the application is denied.