UNITED STATES of America,
Plaintiff–Appellee,

v.

William O. TRIGG,
Defendant–Appellant.

No. 90–1216.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 5, 1990.

Decided Feb. 27, 1991.

Andrew B. Baker, Jr., Asst. U.S. Atty., Hammond, Ind., David H. Miller, Asst. U.S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Robert C. Perry, Indianapolis, Ind., for defendant-appellant.

Before CUMMINGS, EASTERBROOK, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

William O. Trigg challenges a standard set forth by this court in our disposition of his earlier interlocutory appeal. In this opinion we revisit the topic of pretextual arrests presented with familiar facts and issues. "William Trigg was charged with one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) after a search incident to a traffic arrest revealed the presence of 53 grams of cocaine in his coat pocket." *United States v. Trigg,* 878 F.2d 1037 (7th Cir.1989). In our 1989 *Trigg* opinion we provided the district court with an objective standard to be used in determining the reasonableness of Trigg's arrest. Trigg argues today that the probable cause aspect of our objective standard wrongly excludes consideration of an officer's conformance to usual police practices. Because we are not persuaded by the defendant that the standard we enunciated in *Trigg* is incorrect, we affirm the district court's application of the objective standard to the facts in this case.

I.

In our opinion issued in Trigg's interlocutory appeal we discussed fully the facts of this case. *Trigg,* 878 F.2d at 1038. Recounting those facts in brief, police officers conducted a pat-down search of Trigg pursuant to a custodial arrest for driving with a suspended license. The search produced two packets of cocaine; Trigg was subse-

quently charged with possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1).

Trigg sought to suppress the cocaine prior to trial alleging that the police effected the traffic arrest as a pretext to search for narcotics. The district court agreed that the arrest was pretextual and granted Trigg's motion to suppress the evidence; the government appealed. This court acknowledged that "[t]he district judge did not have the benefit of a controlling precedent on this important issue and considered a variety of factors which we deem to be irrelevant in granting defendant's suppression motion." *Trigg*, 878 F.2d at 1042. Thus, we resolved the interlocutory appeal by remanding to the district court with instructions to apply the reasonableness standard enunciated in our opinion. *Id.* at 1041. Our standard considered only two objective factors, "[f]irst, did the arresting officer have probable cause to believe the defendant had committed or was committing an offense. Second, was the arresting officer authorized by state and/or municipal law to effect a custodial arrest for the particular offense." *Id.* After reconsidering the suppression issue with the guidance provided, the district court entered an order denying Trigg's motion to suppress. The defendant then brought this appeal to challenge the correctness of our standard and the district court's ruling on the motion to suppress.

## II.

■ William Trigg does not dispute the proposition that a fourth amendment analysis requires the application of an objective standard. Rather, he takes issue with the exclusion by this court of a factor which he believes should be considered. Specifically, Trigg believes that conformance to usual police practices must be factored into an objective analysis of the reasonableness of an arrest. We disagree. As we indicated in *Trigg*, the "usual practices" approach is directed to the arbitrary exercise of police power and designed to operate as a check on the abuse of discretion by officers. *Id.*

■ While examination of usual police practices may be useful in analyzing an officer's abuse of discretion in effecting a custodial arrest, such a factor has been rejected by the Supreme Court as one to be considered in the objective analysis of reasonable arrests. *See United States v. Villamonte–Marquez*, 462 U.S. 579, 103 S.Ct. 2573, 77 L.Ed.2d 22 (1983); *Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); *see also United States v. Hope*, 906 F.2d 254 (7th Cir.1990) (court refuses to consider usual police practices and applies a purely objective standard); *Trigg*, 878 F.2d 1037 (court rejects usual police practices as factor to be considered). The Supreme Court has never indicated that discretionary exercise of the arrest powers is constitutionally significant; instead the court has stated, "[i]t is sufficient that the officer had probable cause to arrest and that he lawfully effectuated the arrest and placed the petitioner in custody." *Trigg*, 878 F.2d at 1041 (citing *Gustafson v. Florida*, 414 U.S. at 265, 94 S.Ct. at 491–92). As we stated in *Trigg*, and in light of the position established in *Gustafson* and *Villamonte–Marquez* by the Supreme Court, we cannot consider the conformance of an arrest to usual police practices in determining the reasonableness of an arrest. Rather, we must focus on probable cause and the lawfulness of the arrest as does the Supreme Court. We recognize that such an approach virtually eliminates the concept of a "pretextual arrest," however, we believe this approach is consistent with *Gustafson* and *Villamonte–Marquez*. This has been our position since *Trigg*, and continues to be our position today. *See United States v. Rivera*, 906 F.2d 319 (7th Cir.1990), *United States v. Hope*, 906 F.2d 254 (7th Cir.1990), *United States v. Cardona–Rivera*, 904 F.2d 1149 (7th Cir.1990).

## III.

For the reasons stated above, we reaffirm that the objective standard we adopted in *Trigg* does not permit consideration of usual police practices and AFFIRM

the order subsequently entered by the district court.