Justice White,
dissenting.
In each of these eases, the petitioner has alleged that police used a traffic stop as a pretext for conducting a narcotics search. Gregory Cummins was stopped after he failed to proceed through an intersection when the traffic light turned green. 920 F. 2d 498 (CA8 1990). William Trigg was arrested for driving with a suspended license. 925 F. 2d 1064 (CA7 1991) (case below); United States v. Trigg, 878 F. 2d 1037 (CA7 1989). Mario Enriquez-Nevarez was pulled over after officers observed that his truck had a broken taillight. 931 F. 2d 890 (CA5 1991) (affirmance order). Each search led to the recovery of illegal drugs.
The Courts of Appeals for the Eighth, Seventh, and Fifth Circuits held that, because a reasonable police officer could have made the traffic stops, the evidence produced by the searches was admissible. See also United States v. Causey, 834 F. 2d 1179 (CA5 1987) (en banc). Cf. United States v. Nersesian, 824 F. 2d 1294 (CA2), cert. denied, 484 U. S. 958 (1987); United States v. Hawkins, 811 F. 2d 210 (CA3), cert. denied, 484 U. S. 833 (1987). The petitioners contend that the evidence should have been suppressed because no reasonable police officer would have made such traffic stops, and hence the-''Stops were pretexts to investí- *963 gate other crimes for which there were not grounds to stop. See United States v. Guzman, 864 F. 2d 1512 (CA10 1988); United States v. Smith, 799 F. 2d 704 (CA11 1986).
In recent months, this Court has denied review of at least two other cases raising pretextual search claims. See, e. g., Anderson v. Illinois, ante, p. 824; Hope v. United States, 499 U. S. 983 (1991). I would grant certiorari to address this recurring issue and to resolve the split in the Courts of Appeals.