**UNITED STATES of America, Plaintiff,**

v.

**John ROSATI, Defendant.**

**No. 92 CR 0928 (SJ).**

United States District Court,
E.D. New York.

July 5, 1994.

**46**

Zachary W. Carter, U.S. Atty., E.D.N.Y. by Andrew Weissman, Asst. U.S. Atty., Brooklyn, NY, for plaintiff.

Joel Winograd, New York City, for defendant.

*ORDER*

JOHNSON, District Judge:

## INTRODUCTION

Before this Court is a Report & Recommendation issued by Magistrate Judge Caden recommending the suppression of a gun found on Defendant's person after his arrest. The Government objected to the Magistrate Judge's findings and asked this Court to abstain until the Second Circuit heard an appeal on a similar issue in *United States v. Scopo*, 19 F.3d 777 (2d Cir.1994). The Second Circuit has now ruled and the parties have fully briefed this Court.

## BACKGROUND

For purposes of this opinion, the Court assumes familiarity with the facts as detailed in the Magistrate Judge's Report & Recommendation; however, a brief synopsis follows. On the date of arrest, officers of the Colombo family joint task force had been observing a meeting of a criminal group because of information that a hit team would be waiting to kill someone leaving the meeting. Two persons, believed to have just left the group's meeting, drove away together and were followed because the driver was thought to be a dangerous and armed member of the Colombo family. During the surveillance, the driver under surveillance committed two traffic violations without action from the officers. After committing a third traffic violation, the officers believed that they had been spotted. The officers proceeded to stop the vehicle—three police cars blocked it and six officers approached it with guns drawn—these actions effectively placed the driver and passenger under arrest.

The Magistrate Judge found that the police approached Defendant in the car with guns drawn and asked if he was armed to which he replied no. Defendant then stepped out of the car and placed his hands on the roof. Only after a gun was found on the driver and Defendant failed to answer a second question as to whether he was carrying a gun was he patted down and the gun found.

## DISCUSSION

Magistrate Judge Caden found that the officers did not have probable cause to arrest the driver or the Defendant for any violation of the law. Instead, the Magistrate Judge found that the officers used the traffic violation as a pretext giving them probable cause to arrest. The Magistrate Judge recommended that this Court adopt the usual practices test under which an arrest would not be considered pretextual only if it was the usual practice of the police to arrest drivers for minor traffic violations. Based on this test and the fact that the arresting officers did not routinely arrest drivers for minor traffic violations, Magistrate Judge Caden found Rosati's arrest to be pretextual and recommended suppression of the gun.

 The Second Circuit has since rejected the usual practices test. *Scopo* clearly requires courts in the Second Circuit to follow the objective "authorization" approach which holds that "so long as the police are doing no more than they are legally permitted and objectively authorized to do, an arrest is constitutional." *United States v. Trigg,* 878 F.2d 1037, 1041 (7th Cir.1989), *aff'd on appeal after remand,* 925 F.2d 1064, 1065 (7th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 428, 116 L.Ed.2d 448 (1991), *cited by United States v. Scopo,* 19 F.3d 777 (holding that an arrest for a traffic violation is permissible regardless of the motives of the arresting officers). Thus, under *Scopo* the arrest of the driver was clearly permissible.

Defendant does not refute the *Scopo* holding but rather, argues that his situation is different because he was a non-offending passenger, in contrast to Mr. Scopo who was an offending driver. Defendant claims that the police acted improperly by placing him under arrest when he had done nothing wrong nor had the driver yet done anything to give the police even a reasonable suspicion of wrongdoing beyond the traffic violation.

 The mere fact that a passenger is effectively placed under arrest when a vehicle is stopped and the driver is placed under arrest does not require everything that follows to be cast into suspicion. Traffic stops are indeed regarded as a seizure within the meaning of the Fourth Amendment. *Berkemer v. McCarty,* 468 U.S. 420, 436–37, 104 S.Ct. 3138, 3148–49, 82 L.Ed.2d 317 (1984). Under *Scopo,* the officers had probable cause to make such a seizure based upon the violation of the traffic laws and when such steps are carried out because of a violation of the traffic laws, being asked to step from the car is a de minimis intrusion. *Pennsylvania v. Mimms,* 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (holding that requiring a driver to step out of a car while being interviewed by the police during a traffic stop is a de minimis intrusion). If there is reasonable suspicion that the occupants of the car are involved in some kind of criminal activity, the officers are justified in requiring the occupants of a vehicle to get out and keep their hands in view. *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981) ("When a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile"); *Michigan v. Summers,* 452 U.S. 692, 705, 101 S.Ct. 2587, 2595, 69 L.Ed.2d 340 (1981) (upholding detention of the occupants of a premises being searched).

 It is clear that the intrusion upon Rosati was minimal. Probable cause for the arrest clearly existed once the traffic violation occurred. To argue that the arrest of Rosati was illegal because he did not commit the infraction but was merely in the car is nonsensical. According to Defendant's logic, the police could never stop a car for an infraction if a passenger is present within. Such a conclusion simply cannot be entertained. Given the reasonable suspicion of possible criminal activity, the further intrusions, first, of stepping out of the car and then, once a gun was found on the driver, of a pat down, were warranted. Clearly, the arrest went no further than that necessary to effect the driver's custodial arrest and insure the safety of the arresting officers.

## CONCLUSION

After reviewing the record and the Second Circuit's decision in *United States v. Scopo,* 19 F.3d 777, this Court hereby affirms and

adopts the factual determinations made by the Magistrate and the denial of additional discovery in Part II. *Scopo*, however, requires this Court to reject the Magistrate Judge's conclusions to suppress the evidence seized from the Defendant. Accordingly, the Defendant's motion to suppress is hereby denied.

SO ORDERED.