Commonwealth *v.* Pierre.

### Commonwealth *vs.* Harold Pierre.

No. 06-P-1329.

Essex. September 6, 2007. - September 12, 2008.

Present: Rapoza, C.J., Grasso, & McHugh, JJ.

Further appellate review granted, 452 Mass. 1106 (2008).

*Firearms. Search and Seizure,* Search incident to lawful arrest.

Discussion of the contemporaneity requirement of a warrantless search incident to a lawful arrest. [582-585]

This court reversed the criminal defendant's convictions of carrying a firearm without a license and possession of a firearm without a firearm identification card, where the police search, well after the defendant was securely in custody, of a plastic bag that the defendant had dropped upon his arrest was not sufficiently contemporaneous with the arrest to survive suppression of the firearm found in the bag. [585-588]

Complaints received and sworn to in the Lynn Division of the District Court Department on August 5, 2003.

A pretrial motion to suppress evidence was heard by *Michael C. Lauranzano,* J., and the cases were heard by *Robert A. Brennan,* J.

*Lisa M. Kavanaugh,* Committee for Public Counsel Services, for the defendant.

*Kenneth Bresler,* Assistant District Attorney, for the Commonwealth.

Rapoza, C.J. The defendant appeals his convictions for carrying a firearm without a license, in violation of G. L. c. 269, § 10(*a*), and possession of a firearm without a firearm identification card, in violation of G. L. c. 269, § 10(*h*).[1] He argues that the District Court judge erred in denying his motion to suppress the firearm that served as the basis of these convictions. Because

---

[1] The defendant's additional conviction of possession of a class D substance (marijuana), in violation of G. L. c. 94C, § 34, was filed with the defendant's consent and is not before us.

we conclude that the search that led to the discovery of the firearm does not constitute a search incident to arrest, we reverse.

*Background.* The following is a summary of facts as found by the motion judge, supplemented by undisputed testimony from the sole witness at the evidentiary hearing, Lynn police Detective Stephen Withrow, whose testimony the judge implicitly credited. See *Commonwealth* v. *Colon,* 449 Mass. 207, 217 n.9, cert. denied, 128 S. Ct. 810 (2007). On August 4, 2003, Cambridge and Lynn police officers executed a warrant for the arrest of the defendant at a residence in Lynn. As the officers surveilled the street, five individuals — two women and three men, one matching the description and available photograph of the defendant — walked out of the residence toward a parked Acura automobile. The defendant was the last person to exit the residence and was carrying a white plastic bag. The officers left their vehicles, announced "police" with badges displayed, and ordered the group not to move and to show their hands.

The defendant, who was standing on the sidewalk, immediately complied by dropping the bag on the ground and putting his hands up in the air. Another member of the group, Kevin Sencion, who was "getting ready to get in" to the automobile, disobeyed the order by opening the back passenger door and entering the vehicle. Detective Withrow observed Sencion lift his shirt and pull a handgun out of his waistband. The detective also observed him crouching in the automobile as if he were placing something under the front seat, where a firearm was later discovered. Sencion was physically removed from the vehicle and placed in custody, and a third man, Jimmy Pierre, who had already entered the vehicle, was ordered out of the driver's seat, pat frisked and placed in custody.

Within thirty seconds of being ordered to put his hands in the air, the defendant was placed under arrest. After the three men were in custody,[2] Detective Withrow took the plastic bag that the defendant had dropped on the ground and placed it in the back seat of the vehicle. He stated that he did so because during the course of the arrest, "it started to pour rain [] and we were going to inventory the contents of the vehicle. . . ." When the

---

[2] The two women in the group were released after warrant checks came back negative.

detective moved the bag, his assessment was that it contained clothing.

The three individuals arrested were taken to the station for booking, and another officer stayed behind and "waited for the tow truck" to transport the vehicle. Detective Withrow estimated that it was "somewhere between a half an hour and an hour" between the time the car was brought back to the Lynn police station and the time that he began to assist with the inventory of the vehicle. During the inventory, he picked up the bag from the back seat and removed a pair of pants, at which time a firearm fell out of the clothing and onto the ground.

The motion judge denied the defendant's motion to suppress the firearm recovered from the bag, finding that, although the officer's conduct did not constitute an inventory search due to the failure of the Commonwealth to introduce a written inventory policy, it was a lawful search incident to arrest. The judge also denied the defendant's motion to reconsider.

At a bench trial, the Commonwealth introduced the firearm, ammunition, and the police laboratory certification for the firearm, over the defendant's timely objection. The trial judge returned guilty verdicts on all counts in the complaint.

*Discussion.* Under the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights, warrantless searches and seizures are presumptively invalid. See *Katz* v. *United States*, 389 U.S. 347, 357 (1967); *Commonwealth* v. *Viriyahiranpaiboon*, 412 Mass. 224, 226 (1992). Where a warrantless search occurs, the Commonwealth has the burden to prove that it comes within one of the narrowly defined exceptions to the warrant requirement. *Commonwealth* v. *Franklin*, 376 Mass. 885, 898 (1978).

On appeal, the Commonwealth argues that the motion judge correctly found that the discovery of the firearm occurred during a search incident to arrest.[3] Police officers may conduct a warrantless search of a person and the area within the person's "immediate control" as a contemporaneous search incident to a

---

[3] On appeal, the Commonwealth does not pursue the argument it made below, that the search constituted a lawful inventory search. Rather, it concedes that the failure to introduce a written inventory policy is fatal to that claim. See *Commonwealth* v. *Bishop*, 402 Mass. 449, 451 (1988).

Furthermore, the Commonwealth argues for the first time on appeal that the

lawful arrest.[4] See *Commonwealth* v. *Alvarado*, 420 Mass. 542, 554 (1995). See also *United States* v. *Chadwick*, 433 U.S. 1, 14 (1977); *New York* v. *Belton*, 453 U.S. 454, 460 (1981). This standard thus incorporates both spatial and temporal limitations on a search incident to arrest.

The bounds of the temporal requirement of contemporaneity of the search with the arrest were tested in *United States* v. *Chadwick, supra.* There, at a Federal detention facility one and one-half hours after the defendants' arrests, Federal agents searched a footlocker that had been found in the trunk of an automobile near the defendants when they were arrested. *Id.* at 4-5. Although the government argued that the search was "reasonable because the footlocker was seized contemporaneously with respondents' arrests and was searched as soon thereafter as was practicable,"

search falls under the "inevitable discovery" doctrine. Even if we were to consider this claim, it is unavailing. The Commonwealth contends that "[h]ad [the detective] searched the defendant's bag at [the scene of arrest], he would have found the firearm. . . . Thus, its discovery during the later search was inevitable." It further states that the detective's "discovery of the firearm was 'certain as a practical matter'; it was simply delayed." This argument mischaracterizes the inevitable discovery rule. Inevitable discovery applies when police obtain evidence unlawfully, but the Commonwealth can establish that it was "certain as a practical matter" to be discovered *subsequently* by lawful means. *Commonwealth* v. *O'Connor*, 406 Mass. 112, 117 (1989). Here, the Commonwealth asks us to permit an unlawful search based upon a *past* opportunity to lawfully conduct a search. This circumstance is simply not one where the inevitable discovery doctrine is applicable. It is specious to argue that the discovery of the firearm was inevitable through lawful means when in fact the opportunity to lawfully search the bag came and went without any search occurring at all.

[4]The Legislature has statutorily narrowed the authority to conduct a search incident to arrest under art. 14, requiring that such a search be made only for the purpose of removing weapons or gathering evidence *for the crime for which the arrest was made.* G. L. c. 276, § 1, as amended by St. 1974, c. 508 (emphasis added). This limitation was enacted in response to *United States* v. *Robinson*, 414 U.S. 218 (1973), where a search incident to arrest was upheld although it was for contraband unrelated to the crime for which the defendant was arrested. *Id.* at 235. See *Commonwealth* v. *Madera*, 402 Mass. 156, 159 (1988). However, this limitation is not at issue in the instant case, and Massachusetts decisions concerning the spatial and temporal limitations on a search incident to arrest have relied on Fourth Amendment law. See, e.g., *Madera, supra* at 158 (citing Federal case law in determining whether search was within defendant's immediate control). *Commonwealth* v. *Alvarado*, 420 Mass. 542, 554 (1995) (analyzing contemporaneity requirement by citing Federal case law).

the United States Supreme Court invalidated the search because of the time delay. *Id.* at 14, 15.

This principle in *Chadwick* has survived related rulings in *New York* v. *Belton, supra,* and *California* v. *Acevedo,* 500 U.S. 565 (1991). In *Belton,* the Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Id.* at 460. This standard notably still requires contemporaneity of the search; it simply loosens the spatial restrictions announced in *Chimel* v. *California,* 395 U.S. 752, 763 (1969) (area within arrestee's "immediate control"), to include as a per se rule the passenger compartment of an automobile in which a person is arrested. See *Belton, supra.* The Court in *Belton* explicitly distinguished *Chadwick,* noting that *Chadwick* involved a time delay between the arrest and the search, a factual circumstance not present in *Belton. Id.* at 461-462. Thus, although *Belton* relaxed the spatial requirement in circumstances where an arrest takes place in an automobile, it did not relax the temporal requirement of a lawful search incident to arrest.

*Acevedo,* although overruling *Chadwick* in part, affected only the automobile exception to the warrant requirement and the legality of searches of closed containers therein. See *Acevedo, supra* at 571. It did not, therefore, alter the central tenet of *Chadwick* regarding search incident to arrest. See *United States* v. *$639,558 in U.S. Currency,* 955 F.2d 712, 717-718 (D.C. Cir. 1992).

Nor has the contemporaneity requirement been diminished by the Court's recent decision in *Thornton* v. *United States,* 541 U.S. 615, 623-624 (2004), where the search of the passenger compartment of an automobile was upheld even though the arrestee was a "recent occupant" of the vehicle rather than actually occupying the vehicle when arrested. This extension of *Belton* once again dealt only with the spatial aspect of a search incident to a lawful arrest; that is, only the distance between the arrestee and the search was at issue. See *Thornton, supra* at 620-621. That the search took place contemporaneously with the arrest was not in dispute. See *id.* at 618.

Indeed, Massachusetts courts, interpreting Federal law, still

accord considerable significance to the requirement of contemporaneity. In *Commonwealth* v. *Alvarado*, 420 Mass. at 546-547, the defendant was arrested in his car and taken to the police station for booking; the car was towed to the same station where it was searched. Relying on *New York* v. *Belton, supra*, and its preservation of the contemporaneity requirement, the Supreme Judicial Court found the two-hour delay to be fatal to the Commonwealth's claim that the search was incident to arrest. *Id.* at 554.

In *Commonwealth* v. *Motta*, 424 Mass. 117 (1997), the Supreme Judicial Court implied the same result. There, the defendant was arrested in a car that was seized at an intersection of two public streets where it was impeding traffic and threatening public safety. *Id.* at 125. It was then towed to a secure lot and searched within five to ten minutes of its arrival at the station. *Ibid.* Although this search was upheld under the automobile exception to the warrant requirement, the court noted, in a footnote, that "[i]n view of the fact that the search of the automobile was neither contemporaneous with the arrest nor for the purpose of protecting the safety of the officers, it is doubtful whether the search could be justified on [the] basis [of a search incident to arrest]." *Id.* at 120 n.9, citing *Alvarado, supra* at 554.

Here, the circumstances that the Commonwealth claims result in a delay that was "reasonable" are even less compelling than those offered in *Motta*. The police officer here stated that he seized the bag from where the defendant dropped it and placed it in the automobile because it was raining. The search of the vehicle did not occur until "between a half an hour and an hour" after it was towed to the police station. There is no evidence to support the Commonwealth's contention that any danger to the officers caused the delay. The seizure of the bag occurred well after all the defendants were securely in custody. Moreover, although one codefendant had pulled a gun from his waistband before being placed under arrest, he too was already in custody when the bag was seized. The testifying officer never cited any threat posed by this codefendant as reason for his failure to search the bag on the scene.

Finally, although at oral argument both parties characterized the delay as "less than an hour" or "between a half an hour

and an hour" based on Detective Withrow's testimony, he actually testified that this amount of time elapsed between when the car was brought to the police station and when the search occurred. He had already stated that after the defendants were taken into custody, one of the officers "stayed on scene . . . and waited for the tow truck to tow the Acura into the station." The time period between the arrest and the search, therefore, appears potentially even longer than the estimate used by the motion judge and the parties.

The motion judge's reliance on *United States* v. *Edwards*, 415 U.S. 800 (1974), and *Commonwealth* v. *Thomas*, 429 Mass. 403 (1999), is misplaced. Both cases addressed searches of items on the arrestee's person at the place of detention, which occurred some time after the arrests themselves. See *Edwards*, *supra* at 801-802, 807; *Thomas*, *supra* at 407-409. Indeed, the *Chadwick* Court explicitly distinguished *Edwards* on the basis that *Edwards* dealt with searches of the person, *United States* v. *Chadwick*, 433 U.S. at 16 n.10, and *Thomas*, also involving the search of a person, relies specifically on *Edwards*. *Thomas*, *supra* at 409. Other courts too have continued to differentiate between searches of the person, which may be delayed to be conducted at the place of detention, from searches of items in the arrestee's "immediate control," which must be contemporaneous. See, e.g., *Curd* v. *City Court of Judsonia, Ark.*, 141 F.3d 839, 842-843 (8th Cir.), cert. denied sub nom. *Curd* v. *Odom*, 525 U.S. 888 (1998).

Likewise, the cases relied upon by the Commonwealth are inapposite. The Federal cases, *United States* v. *Nelson*, 102 F.3d 1344, 1346 (4th Cir. 1996), cert. denied, 520 U.S. 1203 (1997), and *United States* v. *Han*, 74 F.3d 537, 542 (4th Cir.), cert. denied, 517 U.S. 1239 (1996), do purport to allow a "reasonable" delay between an arrest and an otherwise permissible search, but in each instance the delay at issue was no more than a few minutes and the search was at the scene of the arrest. Here, a significant lapse of time occurred before the defendant's bag was searched, and the search was conducted at the station. *Nelson* and *Han* cannot be read so broadly as to permit the search in the instant case.

The Commonwealth also relies on *Commonwealth* v. *Netto*,

438 Mass. 686 (2003). There, police had obtained a warrant to arrest the defendants and to search their apartment for certain items, although the defendants were ultimately found and arrested in a motel room. *Id.* at 692. During the arrest in the motel room, the officers noticed some of the defendants' possessions that were named in the search warrant for the apartment. *Ibid.* Immediately after the defendants were secured outside the room, those items were seized. *Id.* at 694. The Supreme Judicial Court held that the search of the motel room and seizure of various items were lawful as incident to an arrest, even though the defendants were just outside the room when the items were seized. *Id.* at 694-696.

The court did not discuss the search of the seized items that occurred later at the station except in a footnote. The court first rejected the defendants' argument that the lack of a demonstrated "exigency" (i.e., a threat to officer safety or destruction of evidence) precluded upholding the latter search as incident to arrest. *Id.* at 696 n.13. Moreover, it noted that since a warrant for those items, albeit in a different location, had already issued, little further protection to the defendants would be provided by requiring a second warrant for the search at the station. *Ibid.* Relying on the issuance of the original search warrant, the court did not consider the question whether the search at the station was contemporaneous with the defendants' arrest. Consequently, the decision in *Netto* does not alter our view that the search here was not sufficiently contemporaneous with the arrest to survive suppression.

There is little doubt that had the police searched the defendant's bag when he was arrested, it would have been a lawful search incident to arrest. The case law interpreting the Fourth Amendment demonstrates, however, that the contemporaneity requirement continues to have meaning. Accordingly, this case, where the search did not occur at the time or at the place of arrest, has surely crossed that line. Contrast *Commonwealth* v. *Turner*, 14 Mass. App. Ct. 1023, 1024 (1982) (upholding search incident to arrest where search was "prompt and close to the point of arrest and a natural part of the arrest transaction"). To hold otherwise would exceed the bounds of established law

concerning the search incident to arrest exception to the warrant requirement.

> *Judgments reversed.*
> *Findings set aside.*
> *Judgment for defendant.*