COMMONWEALTH *vs.* HAROLD PIERRE.[1] March 12, 2009. *Firearms. Search and Seizure,* Search incident to lawful arrest.

The defendant, Harold Pierre, was convicted of carrying a firearm without a license, in violation of G. L. c. 269, § 10 (*a*), and possession of a firearm without a firearm identification card, in violation of G. L. c. 269, § 10 (*h*).[2] The firearm was found in a plastic bag that the defendant was holding when the police officers who arrested him first encountered him. The defendant dropped the bag on the ground when the officers ordered him and the individuals with him to show their hands. After the defendant was placed in custody, a police officer placed the bag in the vehicle that the defendant and the individuals with him had been preparing to enter. The vehicle was towed to the police station and later searched. The search took place at least one-half hour to one hour after the defendant's arrest, perhaps longer. See *Commonwealth* v. *Pierre*, 72 Mass. App. Ct. 580, 585-586 (2008). Prior to his jury-waived trial, the defendant filed a motion to suppress the firearm. The motion was denied, and at the trial the Commonwealth introduced the firearm and related evidence. The Appeals Court reversed, concluding that the search that led to the discovery of the firearm did not constitute a search incident to arrest. *Id.* at 581. We granted the Commonwealth's application for further appellate review.

Having carefully reviewed the record and the parties' arguments, we too conclude, for essentially the same reasons as the Appeals Court, that the firearm should have been suppressed. As the Appeals Court correctly explained, the search of the plastic bag was simply too far removed, physically and temporally, from the defendant's arrest to be considered a contemporaneous search incident to arrest. *Id.* at 587. Our recent decision in *Commonwealth* v. *Nattoo*, 452 Mass. 826 (2009), is not to the contrary. That case involved the question whether the defendant's expectation of privacy in bags that he left at the side of a public road, at the time and scene of his arrest and knowing that no one would be able to retrieve them for some time, was reasonable. *Id.* at 830-831. A police officer later returned to the scene and searched the bags in preparation for transporting them to the police station. *Id.* at 829-830. The appeal in that case did not involve any issue whether the search was conducted incident to an arrest, and the case did not consider the contemporaneity requirement that we consider here.

---

[1]Justice Cowin was on the quorum that heard the oral argument in this case, but she did not participate in the decision.

[2]The defendant was also convicted of possession of a class D substance, in violation of G. L. c. 94C, § 34. That conviction was placed on file, with the defendant's consent, and is not a part of this appeal.

The defendant's motion to suppress should have been granted. The judgment is reversed.

*So ordered.*

*Kenneth Bresler,* Assistant District Attorney, for the Commonwealth.

*Lisa M. Kavanaugh,* Committee for Public Counsel Services, for the defendant.