COMMONWEALTH *vs.* MICHAEL HOLLOWAY. No. 11-P-1121. March 30, 2012. *Practice, Criminal,* Motion to suppress. *Search and Seizure,* Search incident to lawful arrest, Probable cause. *Probable Cause.*

The Commonwealth appeals from the allowance of the defendant's motion to suppress evidence by a judge in the Roxbury Division of the Boston Municipal Court. The defendant was charged with trespass and receiving stolen property, in violation of G. L. c. 266, § 120, and G. L. c. 266, § 60, respectively. After the defendant brought a successful motion to suppress a bicycle as a fruit of a warrantless seizure, the Commonwealth sought and obtained leave to file an interlocutory appeal. The Commonwealth contends the judge erred in allowing the defendant's motion to suppress because (1) the police had probable cause to believe the bicycle was stolen, and even absent probable cause, (2) the police had a right to seize the bicycle for safekeeping, where an objectively reasonable officer seized the item for such a noninvestigatory purpose. We affirm.

On August 11, 2010, Sergeant Detective Joseph Horton arrested the defendant at a residential housing complex of the Boston Housing Authority after recognizing the defendant to be on the Boston Housing Authority's "no-trespass list." In effectuating the arrest, Sergeant Horton seized two mountain bicycles located near the defendant, only one of which the defendant said was his. Upon the factual record, we conclude there was no ground on which the police could properly seize the bicycles.[1]

First, seizure of the bicycles was beyond the scope of a search incident to the lawful, underlying arrest for trespass. See G. L. c. 276, § 1;[2] *Commonwealth* v. *Pierre*, 72 Mass. App. Ct. 580, 582-583 (2008), *S.C.*, 453 Mass. 1010 (2009). At the time of his arrest, the defendant was charged with only one offense, namely trespassing, the lawfulness of which is undisputed. The charge

---

[1]Obviously, once seized, item(s) shown to have been stolen need not be returned to anyone other than the rightful owner.

[2]The statute reads, in relevant part: "A search conducted incident to an arrest may be made only for the purposes of seizing fruits, instrumentalities, contraband and other evidence of the crime for which the arrest has been made, in order to prevent its destruction or concealment; and removing any weapons that the arrestee might use to resist arrest or effect his escape. Property seized as a result of a search in violation of the provisions of this paragraph shall not be admissible in evidence in criminal proceedings." G. L. c. 276, § 1, as amended by St. 1964, c. 557, § 1.

of receiving stolen goods was added later, following seizure of the bicycles and events that transpired at the police station. A warrantless seizure of property unrelated to the arrest must be supported by "probable cause to believe that the item seized is connected with criminal activity," and "probable cause to believe that the objects seized are in fact contraband." *Sullivan* v. *District Court of Hampshire*, 384 Mass. 736, 743 (1981). See *Commonwealth* v. *Cruz*, 53 Mass. App. Ct. 24, 35 (2001). In other words, the police must possess "more than a suspicion of criminal involvement," but "something definite and substantial." *Commonwealth* v. *Bond*, 375 Mass. 201, 210 (1978). See *Commonwealth* v. *Hawkins*, 361 Mass. 384, 386 (1972). We agree with the judge below that no such reliable information was present at the moment of seizure.

In failing to find the requisite probable cause in *Commonwealth* v. *Wojcik*, 358 Mass. 623, 629 (1971), where the court held that the seizure of particular stolen items not described in the search warrant was unlawful, the court noted that "[t]he one fact or circumstance which appears in almost every case in which such a seizure has been upheld is that the officer making the seizure then knew or had probable cause to believe that the articles [seized] were stolen." The court found significance in factors present in seizures determined to be lawful, such as where "the searching officers knew that [a] post office had been robbed . . . [t]he seized articles were readily identifiable . . . as government property . . . [t]hey were presumptive fruits of the crime and their presence in the basement of appellant's home was cogent evidence of his identification with the offense." *Ibid.*, quoting from *Seymour* v. *United States*, 369 F.2d 825, 827 (10th Cir. 1966), cert. denied, 386 U.S. 987 (1967). Cf. *Commonwealth* v. *Balicki*, 436 Mass. 1, 11 (2002). Such factors are absent here.

Instead, at the moment of seizure, the officer was without knowledge, definite or otherwise, of a reported bicycle theft in the area or that the bicycles were otherwise related to criminal activity. We disagree that the defendant's apparent lack of specific knowledge of the bicycle brand, and his alleged apathy regarding the security of an expensive bicycle after his arrest, permitted a reasonable inference that the bicycle was stolen; instead, while the circumstances understandably raised suspicion, without more information this conclusion remained speculative. The record lacks any evidence suggesting that, when observed and seized, the bicycles located near the defendant were apparently stolen.

Turning to the Commonwealth's alternative contention, that officers seized the bicycles for the sole purpose of protecting the unsecured property, we similarly find this argument to be without merit. This court is bound by the factual determinations made by the motion judge, absent clear error, and reviews the judge's application of the law to the facts as found. See *Commonwealth* v. *Cullen*, 62 Mass. App. Ct. 390, 391-392 (2004). The motion judge explicitly discredited testimony that the bicycles were taken for the non-investigatory purpose of "safekeeping."[3] Indeed, the officer's seizure of both bicycles belies such an intent. Based on the record evidence, the judge's findings in this regard are not clearly erroneous. While we agree with the Com-

---

[3]The judge specifically found that "the Sergeant took the bikes back to the police station to investigate further to determine if they were stolen."

monwealth that the standard by which to review the intentions of the officer in seizing the bicycles is objective, permitting us to ignore any findings of subjective intent, such as whether the police also suspected the defendant of another crime, such a determination is only proper where "the police are doing no more than they are legally permitted and objectively authorized to do." *Commonwealth* v. *Santana*, 420 Mass. 205, 209 (1995), quoting from *United States* v. *Trigg*, 878 F.2d 1037, 1041 (7th Cir. 1989), cert. denied sub nom. *Cummins* v. *United States*, 502 U.S. 962 (1991).

Even if a warrantless seizure of the bicycles for safekeeping was proper under these circumstances, a proposition with which we do not agree,[4] the officers' use of the serial number(s) of the bikes rendered the seizure unlawful because their purported impoundment for safekeeping was improperly transformed into an investigatory search. See *Commonwealth* v. *Vuthy Seng*, 436 Mass. 537, 550-554, cert. denied, 537 U.S. 942 (2002); *Commonwealth* v. *Murphy*, 63 Mass. App. Ct. 11, 16 (2005).

Discerning no legal error, we affirm the judge's allowance of the motion.

*Order allowing motion to suppress affirmed.*

*Zachary Hillman*, Assistant District Attorney, for the Commonwealth.

*Alexandra H. Deal* for the defendant.

---

[4]Notably, the judge found that there were two potential custodians on the premises: the defendant's aunt, seated next to him when he was first observed; and his grandmother, a resident of the housing complex.

