COMMONWEALTH *vs.* CHRISTOPHER Y. BERRY.

Suffolk. September 6, 2012. - December 5, 2012.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Controlled Substances. Practice, Criminal,* Motion to suppress, Standing. *Telephone. Cellular Telephone. Search and Seizure,* Search incident to lawful arrest.

A Boston Municipal Court judge, in deciding a criminal defendant's pretrial motion to suppress evidence obtained from a warrantless search of the recent call list displayed on one of two cellular telephones seized by police during the arrest of the defendant and a third party, appropriately treated the defendant as having standing to challenge the search, where the Commonwealth failed to establish which telephone was searched. [803-805]

There was no merit to a criminal defendant's argument that the scope of the Commonwealth's appeal in an interlocutory matter was limited to the issue of standing. [805-806]

A Boston Municipal Court judge erred in granting a criminal defendant's pretrial motion to suppress evidence obtained from a warrantless search of the recent call list displayed on a cellular telephone seized by police during the arrest of the defendant and a third party, where the search, although conducted not contemporaneously with the arrest but at a later point at the police station, nonetheless qualified as a search incident to arrest; where the search was limited; and where the police had reasonable grounds to believe that the recent call list would reveal evidence relating to the crime for which the defendant was arrested. [806-807]

COMPLAINT received and sworn to in the Dorchester Division of the Boston Municipal Court Department on December 29, 2009.

A pretrial motion to suppress evidence was heard by *Rosalind H. Miller*, J., and a motion for reconsideration was also heard by her.

An application for leave to file an interlocutory appeal was allowed by *Botsford*, J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by her to the Appeals Court. The Supreme Judicial Court on its own initiative transferred the matter from the Appeals Court.

*Zachary Hillman,* Assistant District Attorney, for the Commonwealth.

*Richard S. Jacobs* for the defendant.

BOTSFORD, J. This case, like *Commonwealth* v. *Phifer, ante* 790 (2012) (*Phifer*), concerns a limited search of the recent call list displayed on a cellular telephone that had been seized by the police in a warrantless search of the defendant incident to arrest.[1] A judge in the Boston Municipal Court allowed the defendant's motion to suppress evidence of this cellular telephone search, ruling that it had taken place at a location and time spatially and temporally separated from the arrest, and therefore was not a valid search incident to arrest. Before us is the Commonwealth's interlocutory appeal from the judge's ruling. See Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996). We conclude, as we did in *Phifer,* that in the particular circumstances presented, the very limited search of the cellular telephone was permissible. We therefore reverse the partial allowance of the defendant's motion to suppress.

1. *Background.* A complaint charging the defendant with distribution of a Class A controlled substance (heroin) in violation of G. L. c. 94C, § 32 (*a*), issued from the Dorchester Division of the Boston Municipal Court Department on December 29, 2009. The defendant filed a motion to suppress evidence, which was heard by a Boston Municipal Court judge (motion judge) in June, 2010. In October, the motion judge issued a decision in which she denied the motion to suppress insofar as it challenged the validity of the stop leading up to the defendant's arrest and all the results that followed but, as noted previously, allowed the motion to the extent that it challenged the specific search of the cellular telephone's recent call list.[2] The Commonwealth filed a motion to reconsider that the motion judge denied after a hearing. A single justice of this court allowed the Commonwealth's motion to accept its late application

---

[1]Whether the cellular telephone that the police searched was in fact the one seized from the defendant during a search incident to his arrest is an issue the Commonwealth raises in this appeal. For reasons we discuss *infra,* we presume that the searched cellular telephone was the defendant's.

[2]The defendant did not seek to file an interlocutory appeal from the partial denial of his motion to suppress.

for leave to file an appeal pursuant to rule 15 (a) (2) and ordered the appeal transferred to the Appeals Court.[3] We transferred the case to this court on our own motion, and paired it for argument with *Phifer, supra.*

We summarize the facts as found by the motion judge. At approximately 9 P.M. on December 28, 2009, Sergeant Detective Mark Handrahan and Detective James Rattigan, two Boston police officers in the drug control unit, were on duty in the vicinity of Crescent Avenue and Sydney Street in the Dorchester section of Boston, a residential area known for illegal drugs and having a high-crime profile. Both officers were very experienced, and both had received specialized training in narcotics investigations. The motion judge credited the testimony of both officers that cellular telephones are often used to set up drug transactions.

The officers were sitting in their unmarked police cruiser when Rattigan noticed a man who was later identified as the codefendant, Kevin Darosa, walking toward them. Darosa looked thin, gaunt, and " 'sick', like a drug user." When a car driven by the defendant pulled up in front of the cruiser and stopped, Darosa got in. The officers followed the defendant's car as it circled the block, observing the defendant and Darosa leaning toward each other several times. In less than five minutes, the defendant stopped the car and Darosa got out. The officers both believed that they had just witnessed a drug transaction taking place. Handrahan thereafter followed Darosa on foot and, after a struggle and seeing a small bag of what he believed to be heroin on the ground next to Darosa, arrested Darosa and radioed Rattigan that he had recovered heroin. Darosa was searched at the scene, and a cellular telephone was seized from his person. Rattigan at the time was following the defendant, who was driving the wrong way down a one-way street at a high rate of speed. Thereafter, the defendant was stopped by Rattigan with the assistance of a marked cruiser. At the location of the stop, Rattigan arrested the defendant for selling heroin to Darosa, and seized another cellular telephone from the defendant during a search incident to the arrest.

---

[3]We discuss the procedural history of the Commonwealth's application to file its interlocutory appeal in more detail *infra.*

Darosa and the defendant, both under arrest, were taken to a police station. At some point after Rattigan arrived at the station, he picked up one of the cellular telephones that had been seized from the two men, and pressed a button on it to reveal the list of recent calls. The detective then called the most recently dialed number that was displayed on the list, and the other cellular telephone began to ring. When testifying at the motion hearing, however, Rattigan could not remember which telephone he had manipulated and searched, or how much time had passed between the seizures of the two cellular telephones and the search.

The judge's memorandum of decision considered together the defendant's and Darosa's motions to suppress, both of which challenged the validity of the search of the cellular telephone.[4] In her memorandum of decision, the motion judge did not seek to resolve which of the two cellular telephones had been searched, but simply ruled that the search was not a valid search incident to arrest. She reasoned that a search of a person and the area within that person's immediate control may be conducted lawfully without a warrant, but such a search must be contemporaneous with the arrest. Because the search of the cellular telephone in this instance occurred at the police station and after an undetermined period of time following the arrest, the judge concluded that the Commonwealth had not met its burden of establishing that the warrantless search was contemporaneous.

2. *Discussion.* a. *Standing.* The Commonwealth argues that the motion judge erred in allowing the defendant's motion to suppress because the defendant did not meet his burden of demonstrating that he had standing to challenge the manipulation and following search of the cellular telephone's recent call list, insofar as he did not establish that the cellular telephone manipulated and searched was his.[5] There is no dispute, however, that the police had seized both cellular telephones at the scenes and times of the arrests, and that the challenged manipulation and search of one of the telephones occurred sometime later at the police station. Moreover, the record contains no evidence to

---

[4]Darosa's case is not before this court.

[5]The Commonwealth raised the standing argument below in its motion for reconsideration, which the motion judge denied.

indicate that the defendant witnessed Detective Rattigan perform the search or was even present at the time it occurred. The Commonwealth has the burden of justifying a warrantless search such as this. See *Commonwealth* v. *Johnson*, 461 Mass. 44, 48-49 (2011); *Commonwealth* v. *Franklin*, 376 Mass. 885, 898 (1978). In light of this rule, and on the undisputed facts presented here, it is appropriate to place on the Commonwealth the burden of establishing that the defendant did not have standing because it was Darosa's cellular telephone, and not the defendant's, that was searched. Contrast *Commonwealth* v. *Gouse*, 461 Mass. 787, 805-806 (2012) (appropriate to assign burden of production relating to existence of license to carry firearm to defendant, in part because defendant has immediate knowledge of and access to license, whereas requiring prosecution to prove nonexistence could prove extremely difficult); *Commonwealth* v. *Jones*, 372 Mass. 403, 408 (1977).

Rather than finding which cellular telephone was searched, the motion judge pointed out in her decision that Rattigan could not remember which; the judge appeared to assume that in the circumstances, it was appropriate to treat both the defendant and Darosa as having standing to challenge the search of the cellular telephone. In our view, the judge's method of dealing with the Commonwealth's failure of proof was reasonable, and we do not disturb it.[6] We therefore assume for purposes of this appeal that the cellular telephone searched by Rattigan was the

---

[6]The Commonwealth suggests that this court may take judicial notice of papers filed in the Boston Municipal Court, which, they posit, include Detective Rattigan's police report, and that report states that the cellular telephone Rattigan searched was Darosa's. The Commonwealth has included a copy of the report in its brief, and the Commonwealth's description of it is accurate. However, we decline to adopt the Commonwealth's suggestion about taking judicial notice of the report. The police report is not part of the record on appeal, and does not appear to have been introduced in evidence at the motion hearing. The Commonwealth relies for its argument on *First Justice of the Bristol Div. of the Juvenile Court Dep't* v. *Clerk-Magistrate of the Bristol Div. of the Juvenile Court Dep't*, 438 Mass. 387, 391 (2003) (*First Justice*), where we took judicial notice of the papers in a separate case pending in the Supreme Judicial Court for Suffolk County. We consider *First Justice* to be inapposite. Where the report at issue was not introduced in evidence or presented to the motion judge at the hearing on the motion to suppress, we will not consider it in our review. See *Commonwealth* v. *Gouse*, 461 Mass. 787, 793 n.9 (2012), and cases cited.

defendant's, and therefore the defendant has standing to challenge Rattigan's search of the cellular telephone.

b. *Scope of the Commonwealth's appeal.* For his part, the defendant argues that the issue of standing is the *only* issue properly before this court.[7] It is the defendant's position that in the circumstances — where the Commonwealth only filed its application for leave to appeal after the denial of its motion for reconsideration — its appeal must be limited to the question whether the motion for reconsideration was properly denied, which means that the only substantive question presented is whether the defendant had standing to challenge the search of the cellular telephone.

We disagree. The application for leave to file an appeal that the Commonwealth ultimately filed in the county court raised the question of standing, but also challenged on its merits the motion judge's decision that the warrantless search of the cellular telephone was improper, and required the suppression of evidence derived from that search. The single justice allowed the Commonwealth's application to file an appeal without limitation, and also the accompanying request to enlarge the time to file that application. See note 7, *supra.* Therefore, we consider all the issues the Commonwealth has raised in its application. Cf. *Commonwealth* v. *Goodwin,* 458 Mass. 11, 14-15 (2010), quoting *Martin* v. *Commonwealth,* 451 Mass. 113, 119 (2008) (no need to address defendant's argument that Commonwealth's petition for relief pursuant to G. L. c. 211, § 3, should be denied without considering merits because "[w]here the single justice

---

[7]The defendant rests his claim on the following procedural facts: the motion judge issued her decision on the defendant's motion to suppress on October 6, 2010; the Commonwealth filed a notice of appeal on October 18, but did not file an application for leave to appeal with a single justice of this court as is required by Mass. R. Crim. P. 15 (b) (1), as appearing in 422 Mass. 1501 (1996); on December 8, the Commonwealth filed a motion to reconsider that only addressed the defendant's standing, which the motion judge denied on December 30, 2010; the Commonwealth filed a second notice of appeal on January 13, 2011, and on January 20, filed a motion for an enlargement of time in which to file its application for leave to appeal with the single justice; the motion judge denied the motion to enlarge on February 1. On February 1 as well, the Commonwealth filed its application for leave to appeal in the county court, and a motion to accept the Commonwealth's late application; the single justice allowed the application on March 3, 2011.

has, in [his] discretion, reserved and reported the case to the full court, we grant full appellate review of the issues reported").

c. *Search incident to lawful arrest.* The motion judge concluded that the search by Rattigan of the cellular telephone was not a lawful search incident to arrest because it was not conducted contemporaneously with and at the scene of the arrest, but rather at some undetermined point after the defendant had been transported to the police station following his arrest. We come to a different conclusion.

The defendant's cellular telephone was on his person when seized by the police at the time of his arrest. Under the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights, a warrantless search incident to arrest, one of the recognized exceptions to the warrant requirement, may permissibly include a search of the arrestee and items found on his person. See, e.g., *United States* v. *Robinson*, 414 U.S. 218, 236 (1973); *Chimel* v. *California*, 395 U.S. 752, 763 (1969); *Commonwealth* v. *Thomas*, 429 Mass. 403, 409 (1999). See also G. L. c. 276, § 1 (specifying permissible statutory scope of search conducted incident to arrest). More importantly for purposes of this case, such a search of a person and items found on him may take place not only contemporaneously with the arrest, but also at a later point at the police station. See *United States* v. *Edwards*, 415 U.S. 800, 803 (1974) (searches of arrestee's person "that could be made on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention"); *United States* v. *Rodriguez*, 995 F.2d 776, 778 (7th Cir.), cert. denied, 510 U.S. 1029 (1993); *Commonwealth* v. *Thomas*, *supra*; *Commonwealth* v. *Bowlen*, 351 Mass. 655, 657, cert. denied sub nom. *Gilday* v. *Massachusetts*, 389 U.S. 916 (1967). Contrast *Commonwealth* v. *Pierre*, 72 Mass. App. Ct. 580, 586 (2008), *S.C.*, 453 Mass. 1010 (2009). As we found to be the case in *Phifer*, *supra* at 797 n.9, the warrantless search of the cellular telephone here was not rendered invalid because it occurred sometime after the defendant's arrest and at the police station rather than contemporaneously with his arrest.

The remaining question concerns the scope of the cellular

telephone search.[8] Our decision in *Phifer*, *supra* at 792-798, supplies the answer. As in that case, the police here conducted a very limited search of the cellular telephone, pressing one button to view the recent call list, reading the most recent telephone number displayed, and calling it. And also like *Phifer*, the police had reasonable grounds to believe that the recent call list would reveal evidence related to the drug distribution crime for which the defendant was arrested, because, as the motion judge found, the experienced police officers involved knew that cellular telephones often are used to arrange for the purchase and sale of drugs. See *Commonwealth* v. *DePina*, 75 Mass. App. Ct. 842, 848 (2009). But it is important to emphasize that the additional point made in *Phifer*, *supra* at 797, also applies here, that is, in reaching this result on the particular facts presented, "[w]e do not suggest that the assessment necessarily would be the same on different facts, or in relation to a different type of intrusion into a more complex cellular telephone or other information storage device."

3. *Conclusion.* The allowance of the defendant's motion to suppress evidence of the search of the cellular telephone is reversed, and the case is remanded to the Boston Municipal Court for further proceedings consistent with this opinion.

*So ordered.*

---

[8]Having concluded that the warrantless search was invalid because not contemporaneous with the arrest, the motion judge did not reach this issue.